In re **FOXFIRE INN OF STUART FLORIDA, INC., Debtor.**

**HARBOUR BAY PLAZA ASSOCIATES LTD., Plaintiff,**

v.

**FOXFIRE INN OF STUART FLORIDA, INC., Defendant.**

**Bankruptcy No. 83–00601–BKC–TCB. Adv. No. 83–0393–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

May 25, 1983.

Christine Hall, Fort Lauderdale, Fla., for plaintiff.

Philip L. Burnett, Fort Myers, Fla., for debtor/defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff/landlord seeks stay relief under 11 U.S.C. § 362(d)(1) in order to continue pending eviction proceedings against the debtor/tenant. The debtor has responded and the matter was tried on May 17.

I find that the debtor defaulted upon its rental payments and on February 11, 1983, plaintiff elected to terminate the lease in accordance with its provisions (Paragraph 17.01) and that plaintiff did so, not only in accordance with the terms of the lease but also in compliance with the requirements of § 83.20, Florida Statutes. The rent then owed was $25,408. The debtor did not cure the default within the grace period provided. The lease, therefore, was terminated effective March 13, 1983. This occurred before the bankruptcy petition was filed on April 5, 1983.

Under the provisions of 11 U.S.C. § 365 and § 1107(a), a chapter 11 debtor may assume any "unexpired lease" of the debtor and may cure the default or provide adequate assurance that it will promptly cure the default and may assign the balance of the unexpired lease to a third party. This debtor wishes time to decide whether to assume, cure and assign this lease. Its defense to this action is that it should be given time to do so.

■ The threshold issue is whether this lease has expired for the purposes of § 365. I hold that the termination before bank-ruptcy of a lease pursuant to its terms and applicable State law results in its expiration, even if, as is the case here, the tenant remains in possession as a tenant at sufferance and the landlord has instituted but not yet concluded an eviction proceeding. I decline to follow, therefore, the dicta in *Executive Square Office Building v. O'Connor & Associates, Inc.,* Bkrtcy.N.D.Fla.1981, 19 B.R. 143. The conclusion expressed in that opinion is that a lease has not "expired" for the purposes of § 365 unless the tenant has voluntarily surrendered the premises or has been physically removed by the Sheriff before bankruptcy. As I see it, the court in that opinion confused expiration or termination of the lease with physical repossession of the leased premises.

■ It is clear to me that the term of this lease expired before bankruptcy as certainly as if the tenant had refused to leave after the term specified in the lease had expired. Surely, it cannot be argued that this court may require the landlord to accept the tenant for an additional term merely because he held over against the landlord's will and in breach of his lease. There is nothing in the legislative history that suggests that the term "unexpired lease" be given such a strained meaning.

The court in *Executive Square* suggests that a lease has not expired until a plea for equitable relief has been made and denied. Of course, the termination of a lease for failure to pay the rent may be reversed in equity by proof of equitable circumstances justifying the avoidance of a forfeiture and by a tender of the rent due. The existence of that remedy may reverse but does not delay the expiration of a lease. Those facts are not present here. The rent due now is $50,717. There is no offer to pay that sum. There is no showing of any circumstances warranting equitable relief. There has been no offer of adequate protection for the landlord.

The issue here is whether the landlord should be permitted to proceed with eviction in the State court. The burden is on the debtor to prove that there is a basis to

deny that relief. § 362(g)(2). The debtor has not done so.

The automatic stay will be lifted to permit plaintiff to proceed with its eviction proceeding and any other action necessary to enforce the terms of its lease agreement.

The plaintiff has also, by a motion filed in the main proceeding (C.P. No. 12) applied for an order requiring the debtor to either assume or reject the lease within a time certain. That motion, which was also heard on May 17, is rendered moot by the foregoing decision. A copy of this memorandum decision shall be filed in the main proceeding to reflect disposition of that motion.

As is required by B.R. 921(a), a separate judgment will be entered lifting the stay as above provided. Costs may be taxed on motion.