**In re Jack YANKS and Ruth Yanks, Debtors.**

**Bankruptcy No. 83–01923–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

June 5, 1984.

**ORDER**

**GRANTING MODIFICATION OF STAY**

SIDNEY M. WEAVER, Bankruptcy Judge.

**THIS CAUSE** came on to be heard upon the motion of Keystone Center, Inc., pursuant to Bankruptcy Rule 4001 *et seq.*, seeking relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, to permit Keystone to go forward with the eviction proceeding against the Debtors now pending in the Circuit Court in and for Dade County, Florida, Case No. 82–4110–CC–22. The motion was heard on April 3, 1984.

The Court, having heard the testimony of witnesses, argument of counsel, having reviewed the pleadings and documentary evidence and being otherwise fully advised in the premises, finds and concludes as follows:

Since 1955, Keystone has been the lessor under a 99-year ground lease governing certain real property located in North Miami, Florida. In 1980, the Debtors acquired an interest in the property as sublessees under a sublease established in 1959. The Debtors operated a restaurant and lounge until the building was extensively damaged by fire on July 2, 1981. The restaurant has remained closed and in its damaged condition up to the present time. In September, 1982, fourteen months after the fire occurred, Keystone declared its intention to terminate the sublease. Keystone then filed suit to evict the Debtors from the premises. That lawsuit was pending in the Circuit Court when the Debtors filed their voluntary petition under Chapter 11 of the Bankruptcy Code on October 20, 1983.

The Debtors wish to treat the sublease as an unexpired lease in connection with their plan of reorganization. They are seeking, by separate motion, approval of an assumption of the sublease and assignment of that leasehold to Italian Pizzeria, Inc., a corporation which has agreed to accept such an assignment and to establish a new restaurant business, provided the Debtors

make certain repairs to the damaged structure and perform certain other preconditions.

Keystone contends that the sublease under which the Debtors operated the restaurant was effectively terminated before bankruptcy, and that therefore the Debtors cannot validly claim any interest in the leasehold as property of the estate. Keystone argues further that the Bankruptcy Court lacks jurisdiction over the leasehold because of the termination prior to the Debtors' filing their petition in bankruptcy.

At the hearing on Keystone's motion, Keystone offered evidence to show that after the fire the Debtors materially defaulted under both the sublease and the overlease in numerous respects; that the Debtors had had ample notice and opportunity to cure those defaults to avoid termination of the lease and failed to do so. Keystone points out that the Debtors were required to rebuild the restaurant within twelve months of the fire and that they failed to do so. Keystone also enumerated other events of default, such as failure to pay rent and real property taxes, failure to remove a non-conforming sign from the premises, thereby causing a lien to be imposed upon the property, and failure to adequately secure the damaged structure so as to prevent additional deterioration. Keystone argues that it was justified in cancelling the sublease in September, 1982, and that it did effectively terminate the sublease.

The Debtors counter that they were unable to rebuild the damaged structure because they were denied any insurance proceeds to do so; further that Keystone did not give the requisite notice of default before instituting the eviction suit and that consequently, Keystone did not effectively terminate the sublease. The Debtors now argue that they need the sublease for effective reorganization and that termination of the sublease would result in forfeiture of a valuable interest in property.

■ The question of whether the sublease was effectively terminated prior to the Debtors' filing their petition in bankruptcy must be determined before this Court can give any consideration to the Debtors' proposal of assumption and assignment of the sublease or, for that matter, to any other issue relating to disposition of the sublease. Section 365 provides for the treatment of "unexpired" leases under the Code; a lease duly terminated could not be assumed under that section. *In re Final Touch Boutique, Inc.,* 6 B.R. 803 (Bkrtcy.S.D.Fla.1980). If the rights of the Debtors in the sublease had been extinguished by effective termination prior to bankruptcy, this Court would lack jurisdiction over the sublease and all the other issues relating to the assumption or assignment of the sublease would become moot.

■ The Court concludes that the state court in which the eviction action is already pending is the proper forum in which to adjudicate the rights of the landlord and tenant under Florida law. Judicial labors have already been expended in connection with that suit and unnecessary duplication of efforts should be avoided. Keystone ought to be permitted to complete its action in that forum and obtain a determination of whether or not the sublease had been terminated prior to the filing of the petition in bankruptcy and is therefore not within the jurisdiction of this Court. If Keystone prevails in that action, then all of the other issues before us are moot. On the other hand, should the Debtors prevail in the eviction suit they will have the opportunity to bring before this Court any proposals for treatment of the unexpired lease under the Code.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay to go Forward with Eviction Proceeding in State Court, filed by Keystone Center, Inc., be and the same hereby is granted for the purpose of continuing that action pending in Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida, up to and including the entry of final judgment. Any judgment entered in that cause shall not be enforced without further order of this Court.