**In re E.M.R. CORP., Debtor.**

**E.M.R. CORP., Plaintiff,**

v.

**Elizabeth FLYNN, et al., Defendants.**

**Bankruptcy No. 84–01051–BKC–TCB.**
**Adv. No. 84–0330–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

June 25, 1984.

Order Denying Debtor's Motion for
Appellate Stay July 6, 1984.

Robert Geiger, Miami, Fla., for plaintiff.

Philip J. Cole, Miami, Fla., for defendants.

### ORDER GRANTING STAY RELIEF AND DENYING DEBTOR'S MOTION FOR TEMPORARY RESTRAINING ORDER

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor-in-possession in this chapter 11 case has filed an adversary complaint seeking a permanent injunction against the owner of the premises it occupies through a subtenant. It is here today on an emergency motion for a temporary restraining order to keep the defendants from obtaining a final judgment evicting the debtor under Fla.Stat. § 83.20. The defendants' position is that the debtor's only claim to a right of possession is under a lease which was terminated before bankruptcy and they ask stay relief under 11 U.S.C. § 362(d) to proceed with their statutory eviction proceeding. The matter was heard on June 25.

The relevant facts are not in significant dispute. Article XIII of the Lease Agreement dated June 21, 1971, provides for termination of the lease if the tenant fails to cure defaults of the nature claimed here within 30 days after notice of the defaults. Such notice was given on or before September 15, 1982. In the pending State court action, a jury has already found that several of the claimed defaults occurred. These defaults were not cured within the 30 day grace period provided by the lease. The lease, therefore, terminated before bankruptcy. *In re Foxfire Inn of Stuart Florida, Inc.*, 30 B.R. 30 (Bkrtcy.S.D.Fla.1983); *In re Final Touch Boutique, Inc.*, 6 B.R. 803 (Bkrtcy.S.D.Fla.1980); *In re Levine*, 22 B.R. 16 (Bkrtcy.S.D.Fla.1982).

The debtor proposes now to cure the defaults immediately and by a plan under § 365 and § 1107(a), which permit a chapter 11 debtor to assume any "unexpired lease" of the debtor and to cure the default or provide adequate assurance that it will promptly cure the default. Those provisions have no application to a lease which has been terminated. Under these circumstances, the defendant owner of the property has shown cause to terminate the automatic stay under § 362(d)(1). The stay is terminated to permit the owner to proceed with the State court litigation. By the same token, no purpose would be served by a temporary restraining order against the defendant. The motion is, therefore, denied. Finally, there is no basis for a permanent injunction against the defendants. Therefore, this adversary complaint is dismissed with prejudice.

Nothing said in this order is intended to preclude the debtor from defending itself in the State court or from seeking equitable redemption from that court.

As is required by B.R. 9021(a), a separate order of dismissal will be entered in the adversary proceeding. Each party shall bear its own costs. A duplicate copy of this order will be entered in the related bankruptcy case, where the motion for stay relief was filed.

### ORDER DENYING DEBTOR'S MOTION FOR APPELLATE STAY

The debtor's motion for appellate stay (C.P. No. 7) under B.R. 8005 was heard on July 22. It is denied.

The debtor has appealed this court's Order Granting Stay Relief and Denying Debtor's Motion for Temporary Restraining Order, entered June 25 (C.P. No. 8).

It was the debtor's purpose in filing this adversary complaint to enjoin and prevent its landlord from obtaining a judgment in eviction from the State court based upon an advisory jury verdict returned in the State court after trial, finding that the debtor had materially breached its lease. The landlord/defendant responded by requesting relief from the bankruptcy automatic stay under 11 U.S.C. § 362(d). The matters were heard together and the material facts were undisputed. Upon those facts, this court elected to abstain from obstructing or interfering with the State court's determination under State law whether the landlord is entitled to eviction or whether the debtor is entitled to equitable redemption under State law or whether the debtor has some other defense to the landlord's claim of immediate possession.

This court's election to abstain was exercised under 28 U.S.C. § 1471(d), which makes such decisions not reviewable by appeal or otherwise.

Therefore, insofar as this court refused the debtor/plaintiff's request that this court preempt the State court's exercise of jurisdiction to decide pending issues of State law is concerned, that issue is not reviewable.

Insofar as this court concluded that the lease in question had been *terminated* before bankruptcy, I had understood from the parties that the issue was undisputed. The debtor's apparent contention was that the lease, although terminated could be reinstated by this court through confirmation of a chapter 11 plan pursuant to § 1107(a), which permits a chapter 11 debtor to assume and cure defaults in any "unexpired lease". That aspect of the June 25 Order would appear to be reviewable.

The appellate stay requested by the debtor is not necessary to preserve its right to review the second point. The purpose of the stay is to defeat this court's election to abstain which was exercised in granting the landlord's motion for stay relief and in denying the debtor's prayer for injunctive relief against the State court. If the State court agrees with the debtor that under State law, notwithstanding the jury verdict, the debtor is entitled to remain in possession, the debtor obviously requires no appellate stay to keep its contention alive.

If, however, the State court orders eviction, the debtor may appeal that decision to the appropriate State appellate court. That process, surely, should not be accomplished so swiftly that the debtor's appeal to the U.S. District Court is rendered moot.

For the foregoing reasons, as well as the reasons discussed at the hearing of July 2, the debtor's motion for appellate stay under B.R. 8005 is denied.

### ORDER OF DISMISSAL

This matter came before the court on a complaint seeking injunctive relief. A separate memorandum decision incorporating findings and conclusion was entered on June 25.

Accordingly, the complaint is dismissed with prejudice. Each party shall bear its own costs.