### In re SCARSDALE TIRES INCORPORATED, Debtor.

**Bankruptcy No. 85–B–20043.**

United States District Court, S.D. New York.

March 18, 1985.

McCarthy, Fingar, Donovan, Drazen & Smith, White Plains, N.Y., for Greenville Shopping Center; William F. Macreery, White Plains, N.Y., of counsel.

Barr & Faerber, Spring Valley, N.Y., for debtor; Harvey S. Barr, Spring Valley, N.Y., of counsel.

### DECISION ON MOTION FOR ORDER VACATING ORDER DECLARING LEASE TERMINATED

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor, Scarsdale Tires Incorporated, has moved for a new trial pursuant to Bankruptcy Rule 9023 and Fed.R.Civ.P. 59(a), or in the alternative, for an order pursuant to Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b), vacating this court's order entered on March 6, 1985, which declared that the automatic stay imposed under 11 U.S.C. § 362 was inapplicable to the debtor's landlord because the lease in question had been terminated prior to the filing of the involuntary Chapter 11 petition on January 31, 1985.

The debtor is in the business of selling automobile tires and repairing automobiles in the premises located on Central Park Avenue in Scarsdale, New York. The debtor's principal, Mr. C. Lee, had purchased the business from a Mr. Byung Chul Choi, who had originally formed the debtor corporation. Mr. Byung Chul Choi was also the principal of a firm entitled Tires Incorporated, located at 139–5 Hillside Avenue,

Jamaica, New York. Thus, when Mr. Byung Chul Choi formed Scarsdale Tires Incorporated and leased the premises from the landlord, Greenville Shopping Center, he listed the tenant's mailing address as that of Tires Incorporated, namely 139–5 Hillside Avenue, Jamaica, New York. This was the address that was specified for the tenant in the lease with the Greenville Shopping Center, dated September 21, 1983. Mr. C. Lee acquired Scarsdale Tires Incorporated after it was formed and continued to operate the business under the lease in question. Mr. C. Lee had no connection with Tires Incorporated and maintained no mailing address at 139–5 Hillside Avenue, Jamaica, New York. Indeed, the landlord's bookkeeper was orally requested by the debtor to send all bills and other communications directed to the debtor to its business location at Central Park Avenue, Scarsdale, New York. Hence, after the landlord's first letter, asserting a lease default, was sent to the debtor at the Hillside Avenue, Jamaica, New York address, all further communications from the landlord to the debtor were sent to the debtor's premises at 799 Central Park Avenue, Scarsdale, New York. Obviously, the debtor did not complain about this change in address since it was made at the debtor's request.

On August 9, 1984, the landlord mailed a letter to the debtor at the Central Park Avenue address notifying the debtor that it was in arrears in rent for July and August, 1984, amounting to $17,908.34, and threatened termination of the lease. On October 25, 1984, the landlord mailed a letter to the debtor, at its Central Park Avenue address, again threatening termination of the lease because of the debtor's rent arrears of $26,975.41. Similar rent arrears letters were directed to the debtor at Central Park Avenue on August 28, October 30, November 2, November 12, December 10, 1984 and January 11, 1985. Finally, by certified mail dated January 23, 1985, the landlord directed the following letter to the debtor at 799 Central Park Avenue, Scarsdale, New York, with a copy addressed to the debtor's law firm, as required by the lease:

January 23, 1985

Certified Mail
Return Receipt Requested
Scarsdale Tires, Inc.
799 Central Park Avenue
Scarsdale, N.Y. 10583
Gentlemen:

On December 10, 1984 we wrote to you requesting that you clear up your arrears of rent and other charges in the sum of $11,150.51 and that we expected payment thereof no later than December 26, 1984. You did not make the payment we requested in said letter.

On January 11, 1985 we wrote to you advising you that you presently owed us the sum of $20,259.04 for rent due for the months of December and January together with other charges due under the lease agreement. We advised you to pay this sum no later than January 21, 1985, which you failed to do.

During the many months that you have been our tenant you have been consistently late in payment of rent and other charges and on certain occasions checks issued in payment thereof have been returned for insufficent [sic] funds.

Under these circumstances we are availing ourselves of our rights set forth in Paragraph 42 of our lease agreement dated September 21, 1983 to terminate your lease upon a written three (3) day notice of cancellation and termination. You are hereby notified that we are exercising our option to terminate your lease as of January 28, 1985 and that said lease will terminate and expire as of that date.

You are requested to vacate said premises immediately, otherwise we will take the necessary steps to obtain possession of the premises.

Very truly yours,
GREENVILLE SHOPPING CENTER
By ——————————————
Arthur Steinberg
AS:pjs
cc: Leeds & Fox

On January 31, 1985, an involuntary Chapter 11 petition was filed against the debtor pursuant to 11 U.S.C. § 303(a) by

Tires · Incorporated. Not only had Mr. Byung Chul Choi of Tires Incorporated originally formed the debtor corporation, but after it was sold to Mr. C. Lee, Tires Incorporated became a creditor of the debtor, because of the debtor's nonpayment of the purchase price and for goods sold and delivered to the debtor. Thereafter, an order for relief in the case was entered by this court on February 21, 1985.

A hearing was held in this court on February 27, 1985 with respect to the landlord's application for an order pursuant to 11 U.S.C. § 362(b) declaring the stay imposed by 11 U.S.C. § 362(a) to be inapplicable to any action by the landlord to recover the premises leased to the debtor, or in the alternative, granting the landlord's application to lift the stay so as to permit it to commence a state court eviction action against the debtor to recover the premises. At the conclusion of the hearing, the court ruled from the bench that the lease was terminated before the commencement of the involuntary Chapter 11 case and that the automatic stay did not preclude the landlord from pursuing its right to recover possession of the premises for nonpayment of rent. The debtor's motion for a new hearing or, alternatively, for an order vacating the March 6, 1985 order and the entry of a new order declaring that the lease was not terminated, is predicated on the ground that the termination letter of January 23, 1985 was ineffective because it was not directed to 139-5 Hillside Avenue, Jamaica, New York, the original address specified in the debtor's lease.

■ It is settled law that a lease or license that was terminated before the filing of a bankruptcy petition is neither affected by the automatic stay under 11 U.S.C. § 362(a) nor may it be assumed by the debtor under 11 U.S.C. § 365. *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1212 (7th Cir.1984); *Kopelman v. Halvajian (In re Triangle Laboratories, Inc.),* 663 F.2d 463, 467-68 (3d Cir.1981); *In re GSVC Restaurant Corp.,* 3 B.R. 491, 494, 6 B.C.D. 134, 135 (Bkrtcy.S.D.N.Y.), *aff'd,* 10 B.R. 300, 6 B.C.D. 295 (S.D.N.Y.1980). This point was

stated in *Triangle Laboratories,* 663 F.2d at 467-68, as follows:

... an executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets. *See In re Commodity Merchants, Inc.,* 538 F.2d 1260, 1263 (7th Cir.1976); *In re GSVC Restaurant Corp.,* 10 B.R. 300, 302 (S.D. N.Y.1980); *In re Youngs,* 7 B.R. 69, 71 (Bkrtcy.D.Mass.1980); *In re Mimi's of Atlanta, Inc.,* 5 B.R. 623, 627-29 (Bkrtcy., N.D.Ga.1980), *aff'd and remanded,* 11 B.R. 710 (N.D.Ga.1981); *In re Bronx-Westchester Mack Corp.,* 4 B.R. 730, 731 (Bkrtcy., S.D.N.Y.1980); Fogel, *Executory Contracts and Unexpired Leases in the Bankruptcy Code,* 64 Minn.L.Rev. 341, 346 (1980). As the court observed in *In re Butchman,* 4 B.R. 379, 381 (Bkrtcy., S.D.N.Y.1980), "When a debtor's legal and equitable interests in property are terminated prior to the filing of the petition with the Bankruptcy Court that was intended to preserve the debtor's interest in such property, the Bankruptcy Court cannot then cultivate rights where none can grow." *See also Bank of Marin v. England,* 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966) ("[t]he trustee succeeds only to such rights as the bankrupt possessed").

The debtor does not quarrel with the proposition that a lease terminated prior to the filing of a bankruptcy petition does not constitute property of the estate within the meaning of 11 U.S.C. § 541. However, the debtor reasons that its lease was not effectively terminated because notice of termination should have been directed to the address specified in the lease, namely 139-5 Hillside Avenue, Jamaica, New York, notwithstanding that the debtor and its designated law firm each received actual notice of termination addressed to their current mailing locations.

■ The debtor relies upon the fact that when the lease in question was executed,

the tenant's address was given as 139–5 Hillside Avenue, Jamaica, New York, because that was the business address of Mr. Byung Chul Choi, the principal of Tires Incorporated, who was also the founder of the debtor, Scarsdale Tires Incorporated. When Mr. C. Lee acquired the debtor corporation, he appropriately accepted, without protest, all communications from the landlord directed to his place of business at Central Park Avenue, Scarsdale, New York. This was so because both the landlord and Mr. C. Lee knew that the change in the debtor's management meant that Tires Incorporated and Mr. Byung Chul Choi, located on Hillside Avenue in Jamaica, New York, were no longer connected with the operation of the debtor's business. Indeed, the debtor would have a stronger case if the landlord chose to ignore the fact that Mr. C. Lee had no mailing address at 139–5 Hillside Avenue, Jamaica, New York and, nevertheless, mailed a three-day lease termination notice to that address. The debtor is merely relying upon a technical anachronism based on the fact that its predecessor in interest did specify the Hillside Avenue address as its mailing address in the lease. Neither the debtor nor its landlord closed their eyes to the realities of the situation and that the debtor's only proper mailing address was its business address at 799 Central Park Avenue, Scarsdale, New York. Accordingly, the court will not be blinded by a spurious position that elevates form over substance. Having determined that the lease in question was effectively terminated, the debtor's motion for a new hearing or, alternatively, for an order vacating the March 6, 1985 order, is denied.

■ The landlord countered the debtor's motion with an oral application for an order directing the debtor to vacate the premises and to turn over possession to the landlord. This is a matter which is more appropriately determined in a state court landlord-tenant proceeding, where evictions are enforced by local sheriffs. The United States Marshals need not be given this additional task of enforcing lease evictions. Therefore, the landlord's oral motion is denied.

SETTLE ORDER on notice in accordance with the foregoing determination.