## In re 163RD STREET MEDICAL CORPORATION, Debtor.

**Bankruptcy No. 84–02115–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

April 4, 1985.

Joseph A. Gassen, Miami, Fla., Ashley L. Diener, North Miami Beach, Fla., Co-Counsel for debtor/lessee.

Gregory A. Martin, Miami, Fla., for lessor.

## MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE AND GRANTING MOTION FOR RELIEF FROM STAY

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court on March 5, 1985 upon EQUITY PROPERTIES AND DEVELOPMENT COMPANY's Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d) and the Debtor's Motion to Extend Time to Assume or Reject Lease pursuant to 11 U.S.C. § 365(c). Counsel for EQUITY PROPERTIES AND DEVELOPMENT COMPANY and the Debtor consented to consolidation of the hearings on those Motions.

The Court, having reviewed the file herein, having heard testimony, having received evidence and having observed the candor and demeanor of the witnesses, and after careful review of all testimony; documentary evidence and prior proceedings had herein, makes the following findings of fact and conclusions of law:

EQUITY PROPERTIES AND DEVELOPMENT COMPANY, as lessor, and the Debtor, as lessee, entered into a Lease dated February 23, 1984 (the "Lease") pursuant to which the Debtor agreed to occupy certain premises at The Mall at 163rd Street in North Miami Beach, Florida. The Debtor, as tenant, agreed to pay rent and other charges therefor on the first day of

each month. The Lease was signed on behalf of the Debtor by Dr. Steven Holberg, as president.

EQUITY PROPERTIES AND DEVELOPMENT COMPANY and the Debtor entered into a First Modification to Lease dated July 12, 1984, pursuant to which the Debtor leased additional space at The Mall at 163rd Street. The First Modification to Lease required the Debtor to complete construction of the premises described in the Lease and First Modification to Lease by July 15, 1984. The First Modification to Lease was also signed on behalf of the Debtor by Dr. Steven Holberg, as president.

The Debtor has failed to complete construction of the premises and open for business, in breach of the Lease and the First Modification to Lease. Mechanic's liens were recorded against the subject premises arising from work done at the request of the Debtor. In contravention of Section 12.10 of the Lease, the Debtor failed to discharge all liens for work done or materials furnished with respect to the leased premises within ten (10) days after the filing of such liens, or at all.

The Debtor failed to pay minimum rent due under the Lease and the First Modification to Lease for the month of September 1984 and each month thereafter. The Debtor also failed to pay penalty rent due and owing under the Lease and the First Modification to Lease for the period commencing July 15, 1984. As of the time of trial, the Debtor had not tendered to EQUITY PROPERTIES AND DEVELOPMENT COMPANY all or any portion of the rent past due and owing.

On or about October 16, 1984, EQUITY PROPERTIES AND DEVELOPMENT COMPANY served upon the Debtor a Notice of Default for Non-Payment of Rent in accordance with Section 11.1 of the Lease and Florida Statutes § 83.20. The Notice of Default for Non-Payment of Rent was actually received by Dr. Steven Holberg, the person designated in Section 1.1(h) of the Lease as the recipient of notices thereunder. The Debtor failed to cure the default within three days of the date of its receipt of the Notice of Default for Non-Payment of Rent, or at any time thereafter.

On November 2, 1984 EQUITY PROPERTIES AND DEVELOPMENT COMPANY commenced an action pursuant to Chapter 83, Part I of the Florida Statutes in the County Court in and for Dade County, Florida. The Complaint in that action to recover possession of the leased premises recites, in paragraph 12 thereof, that EQUITY PROPERTIES AND DEVELOPMENT COMPANY had terminated and thereby terminated the Lease pursuant to Section 11.2 thereof. On November 1, 1984 the Summons and Complaint in the above-captioned eviction action were actually delivered to the leased premises and posted on the door to the leased premises. The Summons and Complaint were actually examined by Dr. Steven Holberg when he went to the leased premises on November 3, 1984.

On November 5, 1984 the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code. Since the filing of the petition herein, the Debtor has failed to pay any rent to EQUITY PROPERTIES AND DEVELOPMENT COMPANY, cure the defaults under the Lease and provide adequate assurance of future performance of its obligations under the Lease and the First Modification to Lease.

The Lease between EQUITY PROPERTIES AND DEVELOPMENT COMPANY and the Debtor was validly terminated prior to bankruptcy, and this Court therefore lacks jurisdiction over the Lease. *In re Yanks*, 39 B.R. 908 (Bankr.S.D.Fla. 1984); *In re The Final Touch Boutique, Inc.*, 6 B.R. 803 (Bankr.S.D.Fla.1980). The Debtor's Motion to Extend Time to Assume or Reject Lease must be denied on the grounds that the Lease, having been duly terminated, cannot be assumed pursuant to

11 U.S.C. § 365. *Id.* Alternatively, the Court finds and concludes that the Debtor has failed to establish good cause why this Court should, in any event, extend the Debtor's time to assume or reject the Lease.

After careful review of the testimony and documentary evidence, and after careful consideration of the candor and demeanor of the witnesses, the Court determines that the Debtor's contention that there exist equitable considerations which would justify the reinstatement of the Lease or the granting of other relief to the Debtor by this Court is without merit. *See In re Mimi's of Atlanta, Inc.,* 5 B.R. 623 (Bankr.N.D.Ga.1980).

The Lease having been terminated under applicable non-bankruptcy law prior to the filing of the petition herein, there is no executory interest available for the Debtor to assume. *In re E.M.R. Corp.,* 40 B.R. 479 (S.D.Fla.1984); *In re Yanks,* 39 B.R. 908 (Bankr.S.D.Fla.1984); *In re The Final Touch Boutique, Inc.,* 6 B.R. 803 (Bankr.S.D.Fla.1980). Therefore, there is sufficient cause to lift the automatic stay. Furthermore, the Court determines that the Debtor has failed to provide adequate protection of the interests of EQUITY PROPERTIES AND DEVELOPMENT COMPANY in and to the Leased premises. Accordingly, EQUITY PROPERTIES AND DEVELOPMENT COMPANY is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for good cause shown.

Upon the foregoing findings of fact and conclusions of law, it is thereupon ORDERED, ADJUDGED AND DECREED that EQUITY PROPERTIES AND DEVELOPMENT COMPANY's Motion for Relief from Stay is hereby granted. The Debtor's Motion to Extend Time to Assume or Reject the Lease is hereby denied. The Debtor is hereby directed to immediately surrender the leased premises to EQUITY PROPERTIES AND DEVELOPMENT COMPANY.