**In re 163RD STREET MEDICAL CORP.**

No. 85–2655–CIV–HOEVELER.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 6, 1986.

On Debtor's Motion for Rehearing,
Nov. 18, 1986.

Gregory A. Martin, Wallace, Engels, & Pertnoy, Miami, Fla., for appellee.

Joseph A. Gassen, Paul, Landy, Beiley & Harper, P.A., Miami, Fla., for appellant.

## ORDER AFFIRMING BANKRUPTCY COURT

HOEVELER, District Judge.

Having reviewed the record and the appellate briefs and memoranda of the parties hereto, this Court is of the opinion that the opinion of the Bankruptcy Court, 47 B.R. 869, should be, and hereby is, AF-FIRMED.

■ 11 U.S.C. § 365 (1984) allows a debtor 60 days in which to assume or reject any *unexpired* lease into which it has entered. The court determines the rights of the debtor under the lease by looking to state law. Under Florida law, a landlord has a right to the possession of the leased premises upon the tenant's failure to pay rent. A lease terminated due to non-payment of rent and under applicable state law is not assumable nor subject to the application of the automatic stay provision of 11 U.S.C. § 362.

In the present case, the Bankruptcy Court concluded from the evidence presented by the parties that the lease agreement had been validly terminated *prior to* the filing of the bankruptcy petition. Furthermore, the court found the debtor's assertions of equitable defenses that would prevent a forfeiture to be without merit. Once those determinations were properly made, the court properly ordered landlord's possession of the premises. Although the landlord had requested only relief from the stay imposed under § 362, every final judgment must grant the relief to which a party is entitled, even if the party has not demanded the relief in his pleadings. The Bankruptcy Court properly disposed of the issue of possession, avoiding further delay upon the landlord's ability to regain the premises.

Likewise, the debtor's motion for an extension of time in which to assume or reject the lease was properly denied, because the court had found that the lease had been terminated prior to filing the bankruptcy petition. *Even if* the lease had *not* been terminated prior to the filing of bankruptcy, the Court notes that debtor's right under § 365 was waived by his failure to exercise it in the proceedings below.

## ON DEBTOR'S MOTION FOR REHEARING.

### PROCEDURAL HISTORY

Landlord filed an eviction petition in state court, alleging nonpayment of rent and seeking possession of premises leased to debtor. Three days later, debtor filed a Chapter 11 petition in bankruptcy. Fifty-eight days later, debtor sought an extension of time in which to reject/assume the lease. Landlord opposed that extension of time, alleging termination pre-petition. Five days later, landlord moved for relief from the automatic stay imposed when a petition in bankruptcy is filed, in order to continue prosecution of the state court action for possession.[1] The debtor opposed continuation of the state court eviction action, alleging several grounds for its position that the lease had not terminated pre-petition,[2] including the presence of equitable defenses.[3]

The bankruptcy judge scheduled hearing for March 5, 1985, on debtor's motion to set aside the order denying the extension of time and landlord's motion for relief from stay. At that hearing, the bankruptcy

---

1. Motion for Relief from Stay at ¶ 8, 11.

2. Hearing Transcript, March 5, 1985, at 9:15–16.

3. Hearing Transcript, March 5, 1985, at 9.

judge began by considering and granting debtor's motion to set aside. In colloquy with counsel, the bankruptcy judge proceeded:

COURT: No objection by Mr. Martin [landlord's counsel], so we will set aside the order denying the debtor's motion to extend time.

.     .     .     .     .

Where does that leave us now?

MR. GASSEN [debtor's counsel]: Well, I think Mr. Martin is arguing that that leaves us to the point of arguing the *merits* of the *motion for extension of time.*

COURT: Is that on the calendar for today?

MR. GASSEN: Not per se. I think that what is on the calendar is another motion which brings before the court probably the same factual pattern as the —

COURT: That being a hearing on the motion for relief from stay?

MR. GASSEN: Yes, sir.

COURT: All right. Let's proceed.

.     .     .     .     .

MR. MARTIN: Your Honor, at this time, we are prepared to offer testimony on any issues which may be deemed to be in dispute by the opposing party.

COURT: All right. Let's go.

MR. GASSEN: Well, there are disputed issues, your Honor. The motion contends that there was proper notice of default under 8320, and timely filing and service of an eviction action thereafter. We think that that fact did not occur to satisfy, to the extent necessary, to satisfy the requirements of the law.

.     .     .     .     .

In addition to which, your Honor, we feel that *there are equitable circumstances* occurring both before and after those alleged events, *which would indicate that the lease* should not be terminated, *was not terminated* at the time of the filing, *and that this Court should not send it back to the State Court.*[4]

The hearing continued, beginning with the presentation of landlord's case for relief from the stay.

At the close of landlord's case, debtor moved for denial of landlord's motion for relief from stay, for failure to establish a prima facie case.

MR. GASSEN: Your Honor, we move that the motion for relief from stay be denied.... The evidence ... does not make out a prima facie case of termination prior to the filing on November 5, 1984.

... *In every case cited by Mr. Martin in his motion, the relief from stay was granted where something had happened in State Court, where something was at issue, where something was going on in the State Court.*

.     .     .     .     .

COURT: I will deny that, and let's move on.[5]

Thereafter, debtor presented its opposition to the motion for relief, including evidence as to the presence of equitable defenses to termination.

On April 4, 1985, the bankruptcy judge concluded:

that the lease had been terminated pre-petition;

that debtor had presented no equitable considerations to justify reinstatement; and

that the lease could not be assumed because of its pre-petition termination.

The bankruptcy judge thereupon granted landlord's motion for relief, denied debtor's motion for extension of time, and directed debtor "to immediately surrender the leased premises" to landlord.

The debtor objected and moved for new trial or rehearing. The bankruptcy judge

---

**4.** Hearing Transcript, March 5, 1985, at 7–9.

**5.** Hearing Transcript, March 5, 1985, at 80–81, 84.

heard debtor's motion on May 2, 1985, at which debtor's counsel argued:

> MR. GASSEN: ... The hearing [on March 5, 1985] was either to convince you not to grant the relief from stay, or to persuade you that there were equitable defenses, and we only showed you the tip of the iceberg in that regard. We made no effort because of the way the pleadings were framed. We made no effort to have a full-blown trial before you on the issue of termination of the lease because that is not what the landlord had requested.[6]

At the conclusion of the hearing, the bankruptcy judge denied the motion for new trial or rehearing.

On May 24, 1985, debtor appealed to this district court. Following consideration of the record designated on appeal and the briefs submitted by the parties hereto, this Court affirmed the bankruptcy judge by order dated January 6, 1986. On January 16, 1986, debtor moved for rehearing, pointing out that this Court had not held oral argument in this case, despite debtor's request for hearing, and raising the following three primary issues. This Court then scheduled oral argument and heard the parties on June 16, 1986.

## ISSUE I

In its first issue, debtor questions the jurisdiction of the bankruptcy court to determine whether the lease was terminated prior to the filing of the bankruptcy petition in view of the fact that a state court eviction petition had been filed three days before the bankruptcy petition was filed. Debtor alleges that:

> Bankruptcy cases arising out of the Southern District of Florida have recognized that the determination of whether a lease had terminated prior to bankruptcy entitling the landlord to possession should be left to the state courts. *See In*

*re E.M.R. Corp.*, 40 B.R. 479 (Bankr.S.D. Fla.1984); *In re Yanks*, 39 B.R. 908 (Bankr.S.D.Fla.1984): *In re Foxfire Inn of Stuart, Florida, Inc.*, 30 B.R. 30 (Bankr.S.D.Fla.1983); *see also In re Scarsdale Tires, Inc.*, 47 B.R. 478 (S.D. N.Y.1985). Each of these cited cases recognizes the distinction between the determination of a prima facie termination of the lease and the determination of the possessory rights to the subject property under the lease. The latter question must be decided by the state court.[7]

The cited Florida cases do not stand for the proposition that possessory rights must be decided by the state court. Rather, they stand for the proposition that, where state court proceedings, prior to the initiation of bankruptcy proceedings, have progressed toward determination of the "termination" issue, a bankruptcy court may, in its discretion, allow the state court proceedings to continue to resolution. In *In re E.M.R.*, for example, a jury had already found that several of the claimed defaults had occurred.[8] In *In re Yanks*, the bankruptcy court noted only that "judicial efforts had already been expended" in state court.[9] Furthermore, in *In re Scarsdale*, the debtor there did not oppose termination on the basis of equitable defenses, as did the debtor here.[10]

The same considerations are not present in this case, as debtor's counsel recognized at the March, 1985 hearing before the bankruptcy judge. In this case, the state court eviction proceeding had been filed only three days and the debtor had not even responded to the state court petition before filing its bankruptcy petition; and in the bankruptcy proceeding itself, debtor specifically objected to being required to litigate the termination issue in state court.

In short, by filing its Chapter 11 petition before bringing the issue of equitable de-

---

6. Hearing Transcript, May 2, 1985.

7. Motion for Rehearing, January 16, 1986, at 3.

8. *In re E.M.R.*, 40 B.R. at 480.

9. *In re Yanks*, 39 B.R. 908.

10. *In re Scarsdale*, 47 B.R. 478.

fenses to the state court, *debtor* elected to contest the termination and/or reinstatement issue in bankruptcy court, unless the bankruptcy court, in its discretion, concluded that the issue would be better decided in state court.

The record before this Court indicates that the landlord did not object to the jurisdiction of the bankruptcy court or request relief from the stay of its possessory action in state court, *until* debtor moved for an extension of time in which to answer or reject the lease.

## ISSUE II

■ As a second argument, debtor argues that it was "sandbagged": "Because the hearing [in March, 1985] was strictly on relief from stay, [the debtor] showed only that equitable defenses existed but was not prepared to carry the burden of proof as to these equitable defenses." At the time of the March 5, 1985, hearing, debtor argued that, because it had *possible* defenses that would allow reinstatement of a terminated lease, the bankruptcy court should not send debtor back to state court where the merits of those defenses could be determined. Indeed, debtor has, inconsistently, (1) argued that it cannot decide whether to accept or reject the lease until determination of its obligations under the lease are determined by the state court, but (2) opposed state court eviction proceedings.

Debtor's argument is not well-taken. Debtor knew that the March, 1985 hearing was scheduled for consideration of landlord's motion for relief, alleging pre-petition termination. Debtor's counsel advised the bankruptcy judge that it *opposed* the relief from stay (*i.e.,* being sent back to state court), alleging that the lease was not terminated pre-petition and asserting the presence of equitable defenses. Debtor took the legal position at the March hearing that, if debtor had valid equitable defenses to termination, under Florida law, the lease was not terminated for purposes of bankruptcy's assumption/rejection option. Debtor specifically requested the

bankruptcy judge *not* to send the case back to state court on the basis of alleged "equitable circumstances." [11]

And the bankruptcy judge did not require debtor to return to state court to litigate the eviction proceeding. Rather, he heard debtor's defenses to termination and concluded that those defenses were without merit; on those findings, the only judicial act necessary to relieve the landlord was not to send the landlord to state court to re-litigate, in the eviction proceeding, its right to possession, but to direct the debtor to surrender the leased premises, a result consistent with his findings. Debtor objects to this result on the basis that surrender was not a form of relief specifically requested by the landlord. Debtor put the issue of equitable defenses before the bankruptcy judge and requested that the bankruptcy judge rule on the issue and not send debtor back to state court. He cannot now complain about the result.

In the bankruptcy proceedings, the debtor raised the issue of equitable defenses as a defense to a finding of termination and as a ground for opposing the lifting of the stay. Thus, the debtor was clearly on notice—*by its own argument*—that, at a scheduled hearing at which the issue of termination was central, it should be prepared to submit testimony and carry the burden of proof regarding those equitable defenses in the event that the bankruptcy judge found that the landlord had established a prima facie case of termination pre-petition. Debtor now claims that it did not do all it could have because it did not know that a possible result was that the bankruptcy judge would order immediate surrender of the premises. Given debtor's position with regard to the law covering termination, debtor's present claim is not well-taken.

The posture of this case before the bankruptcy judge on debtor's motion for extension of time required the same resolution of the sufficiency of the debtor's equitable defenses as the state court would have had

11. Hearing Transcript, March 5, 1985, at 9.

to make in the eviction proceeding. Once the issue was resolved, it would have been pointless to remand the case to state court for that court's "reconsideration." Debtor has had its day in bankruptcy court on his equitable defenses; it need not have another day in state court.

## ISSUE III

In its third issue, debtor objects to this Court's finding that debtor had waived its right to assume the lease under 11 U.S.C. § 365 by its failure to exercise that right. The Court notes in response, simply, that debtor has yet to assume or reject any lease.

This case does not present the issue of whether a motion to extend time to assume or reject must be heard, or only filed, within the 60–day period. The debtor's motion for an extension was denied; even if the mere pendency of that motion temporarily halted the tolling of the 60–day period, there is nothing of record to indicate that debtor exercised any right it might have had under § 365 during the two days following any denial of the motion for extension or its reconsideration.

## CONCLUSION

This Court's order of January 6, 1986, is hereby reaffirmed in all respects and final judgment is hereby entered in accordance with that opinion, as reaffirmed herein.