**In re Kimberly Michelle WILLIAMS, a/k/a Kim Williams, a/k/a Kimberly Williams, a/k/a Kimberly M. Williams, Debtor.**

**Bankruptcy No. 92–1234–BKC–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 30, 1992.

Stanley Felton, Ocala, Fla., for debtor.

Jerry A. Funk, Jacksonville, Fla., trustee.

John B. Fuller, Ocala, Fla., for Ocala Housing Authority.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Ocala Housing Authority's Motion for Relief from the Automatic Stay. A hearing on the motion was held April 20, 1992, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

On September 16, 1991, debtor entered into a residential lease with Ocala Housing Authority ("Movant") for the premises at 2209 N.W. First Avenue, Apartment # 11, Ocala, Florida 32674. The lease ran from November 1, 1991, through October 31, 1992, and required a monthly rental payment of $37.00 after assistance was provided.

On February 6, 1992, Movant initiated an action to evict debtor from the premises, alleging non-payment of rent.

After an evidentiary hearing, the County Court, in and for Marion County, Florida, entered a Final Judgment of eviction and damages in favor of Movant and against debtor, on March 2, 1992.

On the same day, the state court also issued a Writ of Possession against debtor.

Debtor filed a petition under chapter 13 of the Bankruptcy Code on March 5, 1992, at which time the Writ of Possession had not been executed.

On March 24, 1992, Ocala Housing Authority filed its Motion for Relief from Stay to conclude the state court eviction proceedings.

The sole issue before the Court is whether a residential lease is protected by the automatic stay and capable of being as-

sumed under § 365 when a Final Judgment of Eviction was entered and Writ of Possession was issued, but not executed, prepetition.

### Conclusions of Law

Under § 365 the trustee may assume or reject an executory contract or unexpired lease of the debtor provided that any defaults are cured and adequate assurance of future performance is given.

Debtor argues that since she was in possession of the leased premises at the time she filed the chapter 13 petition, the lease has not expired and is assumable. In addition, the lease is necessary to an effective reorganization and the automatic stay should remain intact to protect her interest and insure a fresh start.

However, debtor's argument fails in this case. Movant complied with the applicable Florida statutes in pursuing the eviction action and obtained a Final Judgment, as well as a Writ of Possession. The state court judgment was sufficient to terminate the lease. *See In re Cowboys, Inc.*, 24 B.R. 15, 15 (Bankr.S.D.Fla.1982).

The lease, having been terminated under state law before the petition was filed, had expired and the debtor retained no interest capable of being assumed under § 365. *In re Racing Wheels, Inc.*, 5 B.R. 309, 312 (Bankr.M.D.Fla.1980); *In re Final Touch Boutique, Inc.*, 6 B.R. 803, 807 (Bankr. S.D.Fla.1980). *See also In re 163rd Street Medical Corp.*, 67 B.R. 499, 500 (S.D.Fla. 1986).

The lease was effectively terminated under state law prepetition and the debtor acquired no interest in it. Thus, Movant is entitled to the relief requested.

A separate order granting the motion and lifting the automatic stay as to Movant will be entered.