In re Amjad Ali NASIR a/k/a The Underground Railroad, Debtor.

William COURT, Movant,

v.

Amjad Ali NASIR, a/k/a The Underground Railroad and Robert E. Hyman, Trustee, Respondents.

Bankruptcy No. 97–35340–T.
Contested No. 97–1331–T.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Oct. 14, 1997.

Stuart A. Simon, Michael G. Montgomery, Simon, Lafayette & Associates, Richmond, VA, for William Court.

Ricky G. Young, Martinsville, VA, for Debtor.

Robert E. Hyman, Richmond, VA, Standing Chapter 13 Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

In this chapter 13 case, William Court filed a motion for relief from stay which requests the court to terminate the automatic stay as to the debtor's possessory interest in real property owned by Court.

A preliminary hearing was held on September 10, 1997, at which the court took evidence and heard argument. The court then continued the stay in effect pending a final hearing which was held on October 8, 1997. At the final hearing the court ruled from the bench that relief from stay would be granted.

### Facts

The facts essential to the court's ruling on Court's motion are undisputed.

The debtor, who filed this chapter 13 case on July 31, 1997, operates a restaurant known as the Underground Railroad. This restaurant is located in premises which had been leased by debtor from William Court. The property is located on East Main Street in Richmond, Virginia.

On November 20, 1996, the General District Court of the City of Richmond entered judgment in favor of Court and against debtor and another individual under an unlawful detainer suit brought by Court after the lessees became delinquent in the payment of rent. The judgment granted Court possession of the East Main Street premises.

No appeal was perfected from the general district court judgment of November 20, 1996, and this judgment granting possession of the premises to Court is final.

Debtor failed to vacate the premises, and Court filed another unlawful detainer against debtor in the general district court, which action was removed by debtor to the Circuit Court of the City of Richmond. Following a trial on July 28, 1997, Circuit Judge Hughes ruled from the bench that Court was entitled to possession of the subject premises.

On August 12, 1997, Judge Hughes entered a judgment order formalizing his bench ruling of July 28, 1997. This order provided as follows:

WHEREUPON IT IS ORDERED, *NUNC PRO TUNC*, THAT:

1. Plaintiff be granted immediate possession of premises;

2. Plaintiff be granted judgment against the defendant for damages equal to six (6) months rent at $771.00 per month in the total amount of Four Thousand Six Hundred Twenty–Six and NO/100 Dollars ($4,626.00).

### Position of Parties

The landlord Court's counsel argues that the state court judgment of November 20, 1996, terminated debtor's lease. Even if Court allowed debtor to remain in the premises after the judgment, debtor's occupation was at most a tenancy at will, terminable on notice at the option of either party pursuant to Va.Code § 55–222. Court's second unlawful detainer action sought to evict the debtor. This suit culminated in the Richmond Circuit Court trial on July 28, 1997, at which the court granted Court a judgment of possession of the premises. Thus debtor can have no interest in the premises, and relief from the automatic stay should be granted.

Debtor has offered very little by way of a substantive defense to Court's position that the former lease between the parties was terminated prior to the bankruptcy filing. Apparently, debtor wants to reinstate his lease and bring the rent current under his chapter 13 case. His counsel stated that debtor has money to pay the rent, having deposited funds for this purpose in the circuit court action.[1] At the final hearing debtor's

---

1. Debtor's only argument concerning the lease

termination appears to be that Court had waived

counsel informed the court and landlord's counsel for the first time that on September 12, 1997, the debtor had filed a notice of appeal of the circuit court judgment.[2]

### Discussion And Conclusions

■ The termination of a lease under state law prior to tenant's filing a bankruptcy petition has a preclusive effect in the bankruptcy, and a bankruptcy court cannot reinstate the terminated lease. *Beaver Street Assoc. v. Lady Liberty Tavern Corp. (In re Lady Liberty Tavern Corp.)*, 94 B.R. 812 (S.D.N.Y.1988); *Housing Authority of City of Decatur v. Caldwell (In re Caldwell)*, 174 B.R. 650 (Bankr.N.D.Ga.1994); *Marquand v. Smith (In re Smith)*, 105 B.R. 50 (Bankr. C.D.Cal.1989).

■ However, where the former lease has been terminated prepetition and the tenant filing bankruptcy retains possession of the premises under a tenancy at will or at sufferance, the debtor's possessory right is subject to the automatic stay of 11 U.S.C. § 362(a)(1), (2), and (3). *Cuffee v. Atlantic Business and Community Dev. Corp. (In re Atlantic Business and Community Corp.)*, 901 F.2d 325 (3d Cir.1990); *Schewe v. Fairview Estates (In re Schewe)*, 94 B.R. 938 (Bankr.W.D.Mich.1989); *In re 163rd St. Med. Corp.*, 67 B.R. 499 (S.D.Fla.1986); *Lifshutz v. Trang (In re Trang)*, 58 B.R. 183 (Bankr.S.D.Tex.1985).[3] Even so, a landlord's desire to evict a debtor tenant whose lease has been terminated prepetition is sufficient cause for the bankruptcy court to grant relief from stay under § 362(d)(1). *In re Caldwell*, 174 B.R. at 652; *In re Schewe*, 94 B.R. at 950. In other words, a debtor cannot rely on

the automatic stay to prevent termination of a short term tenancy.

■ In this case, the debtor's lease with William Court was terminated under Virginia law on November 20, 1996. After that date, debtor possessed the premises at best under a tenancy at will which under Virginia law the landlord may terminate at any time. *Warehouse Distributors, Inc. v. Prudential Storage and Van Corp.*, 208 Va. 784, 161 S.E.2d 86 (1968); *Shorter v. Shelton*, 183 Va. 819, 33 S.E.2d 643 (1945); 11 B Michie's Jurisprudence, Landlord and Tenant, § 5.

■ Turning to the landlord's second unlawful detainer, trial in Richmond Circuit Court was held on July 28, 1997, and the trial judge from the bench granted a judgment of possession of the premises. However, the judge did not enter the formal order until August 12, 1997, which was after the debtor filed bankruptcy on July 31, 1997. This raises the issue of whether the postpetition entry of the circuit court judgment was in violation of the automatic stay.

If the entry of this order was "a purely ministerial act" then it was not stayed by § 362(a)(1) as the "continuation . . . of a . . . proceeding against the debtor commenced" prepetition. *See Savers Fed. Savs. and Loan Assoc. v. McCarthy Constr. Co. (In re Knightsbridge Dev. Co.)*, 884 F.2d 145, 148 (4th Cir.1989). ("We may approve the [arbitration] award as valid under the stay only if the panel decided it in word and deed before [the date of debtor's chapter 7 filing], leaving for post-petition achievement only the clerical act of recording the award.")

This court is satisfied that Judge Hughes' order of August 12, 1997, was a ministerial order reflecting his prepetition ruling[4] and

---

the earlier judgment of possession by subsequently accepting rent payments. This is part of the argument rejected by the circuit judge. The deposit would have been required as a condition of debtor removing Court's second unlawful detainer suit to circuit court. Va.Code § 8.01–127. It was thus payment of a bond and not rent. Debtor has not submitted in this contested matter a copy of the lease he wishes to have reinstated.

2. The debtor did not request relief from the automatic stay to take an appeal as would be required by the weight of case authority. *See Simon v. Navon*, 116 F.3d 1, 4 (1st Cir.1997); *In re*

*Capgro Leasing Assoc.*, 169 B.R. 305, 310–11 (Bankr.E.D.N.Y.1994).

3. Other courts have held that where the landlord has received a prepetition judgment of possession, the automatic stay does not apply to the landlord's further action to evict the debtor tenant. *See In re Lady Liberty Tavern Corp.*, 94 B.R. at 817; *In re Smith*, 105 B.R. at 54.

4. The parties' counsel stipulated as much during the preliminary hearing. Moreover, the landlord has submitted a copy of the transcript of Judge Hughes' bench ruling. Even if this court were to

accordingly did not violate the automatic stay. This court abides by the state court judgment and will not retry the case.

■ Although sympathetic to the debtor's desire to rehabilitate his business operation, this court does not have authority under the bankruptcy code to create a long-term lease for the debtor when Virginia courts have twice ruled that there is no lease. Debtor's remedy, if any, lies in the state court, and this court is unwilling to hold the lease issue in abeyance pending debtor's pursuit of an appeal.

Since the landlord's desire to terminate the debtor's short-term tenancy is sufficient cause under § 362(d)(1), the court will enter an order granting Court's motion for relief from stay to pursue his recovery of the subject realty under state law.

### ORDER

For the reasons stated in the memorandum opinion entered today,

IT IS ORDERED that the motion for relief from stay requesting termination of the automatic stay as to the debtor's possessory interest in real property owned by movant is granted pursuant to 11 U.S.C. § 362(d)(1), and the movant may pursue his rights to the property under state law.

hold that the post petition entry of the circuit court judgment violated the automatic stay, the appropriate remedy under the circumstances of

this case would merely be to vacate the judgment and allow entry of a new judgment.