**Calvin R. FLOYD, Debtor/Appellant,**

v.

**Bryan CLARK, Creditor/Appellee.**

**No. CIV. A. 01–2253.**

United States District Court,
E.D. Pennsylvania.

May 31, 2001.

---

Robert F. Salvin, Legal Aid of Chester Co., West Chester, PA, for Debtor.

Bryan Clark, Downingtown, PA, pro se.

Edward Sparkman, Philadelphia, PA, Chapter 13 Trustee, pro se.

### MEMORANDUM & ORDER

SURRICK, District Judge.

Prior to filing for bankruptcy, Appellant Calvin R. Floyd, Sr. ("Appellant") and his family were living at 75 South 4th Avenue, Coatesville, Pennsylvania. This is a residential property which is owned by Appellee, creditor Robert Clark ("Clark") and which Clark leases to Appellant. Presently before the Court is an appeal from an Order of the Bankruptcy Court dated April 3, 2001 (the "Bankruptcy Court decision"), in the bankruptcy matter *In re Calvin Floyd*, Bkrtcy. No. 00–35868F. The Order granted Clark relief from the automatic stay, permitting him to proceed with the eviction of the Appellant and his family from Clark's property pursuant to an order for possession and judgment issued on November 15, 2000, prior to the debtor's bankruptcy filing.[1] Also before the Court is an emergency motion for stay pending appeal (the "Emergency Motion," Docket No. 3).

As indicated above, Appellant is the lessee under a written residential lease for the premises located at 75 South 4th Avenue in Coatesville. Although the lease was scheduled to renew automatically on April 30, 2001, it permitted either party to terminate by providing written notice of nonrenewal to the other party sixty days in advance of the automatic renewal date.

---

1. On April 18, 20001 Appellant filed a motion for stay pending appeal with the Bankruptcy Court. On April 25, 2001 the Bankruptcy Court entered an Order "largely" denying the motion and explaining the reason therefore.

Appellant concedes that if the lease expired on April 30, the Bankruptcy Court correctly granted Clark relief from the stay. Appellant's appeal is premised on the contention that Clark did not provide him with a notice of non-renewal as required under the lease and, therefore, the lease was renewed automatically for an additional year through April 30, 2002. Appellant argues that, as a Chapter 13 debtor, he may assume the unexpired lease, provided he can cure his prior default in performance and provide his landlord with adequate assurance of future performance. *See* 11 U.S.C. § 1322(b)(7); *see also*, 11 U.S.C. § 365(b)(1).

Appellant does not dispute that he received a letter dated October 10, 2000 from Clark demanding that he vacate the premises within 30 days. Appellant also acknowledges that, after sending the letter, Clark took legal action to obtain possession of the property and that on November 15, 2000, Clark was actually awarded an order of possession as well as a judgment for unpaid rent and damages to the property in the amount of $1,205.75.[2] Appellant contends, nevertheless, that the October 10 letter, the legal action, and the ultimate order of possession were not sufficient to terminate the lease because they do not satisfy the lease requirement that he be provided with sixty day notice of non-renewal.

 We agree with the Bankruptcy Court's observation that Appellant's legal position is "counter-intuitive". The October 10 letter, the November 15, 2000, order of possession and the February 21, 2001, motion to lift stay certainly constitute adequate notice to Appellant of Clark's intention to terminate the lease. To conclude otherwise would be to elevate form over substance. To require Clark to send a sixty day notice of non-renewal when he has already received a judgment of possession from a court of competent jurisdiction makes little sense. *See Touraine Partners v. Kelly*, 333 Pa.Super. 196, 482 A.2d 240 (1984); *Elizabethtown Lodge No. 596, Loyal Order of Moose v. Ellis*, 391 Pa. 19, 27, 137 A.2d 286 (1958); *see also, In re Nasir*, 217 B.R. 995, 997 (Bankr.E.D.Va.1997) ("a debtor cannot rely on the automatic stay to prevent termination of a short term tenancy"). We are satisfied that the Orders entered by Chief Judge Fox on April 3, 2001 and April 25, 2001 were perfectly proper. Accordingly, we will deny the appeal from the Bankruptcy Court's decision and the Emergency Motion.[3]

An appropriate Order follows.

---

**2.** We also note that the motion to lift stay was filed by Clark on February 21, 2001, more than sixty days prior to the date of termination of the lease. This motion was a clear expression by Clark of his desire not to renew the lease.

**3.** A motion for a stay is governed by Fed. R. Bankr.P. 8005 and requires the court to consider the following factors: "(1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3) no substantial harm to the other interested person; (4) no harm to the public interest." *See In re Calvin Floyd, Sr.*, Bankr. No. 00-35868F, slip op. at 1 (Bankr.E.D.Pa., Apr. 25, 2001) (citing *In re X–Cel Constructors of Delaware, Inc.*, 76 B.R. 969, 970 (D.N.J. 1987)); *accord In re Olick*, 1996 WL 287344, *1 (Yohn, J.) (E.D.Pa.1996); *In re Hotel Associates, Inc.*, 7 B.R. 130 (Bankr.E.D.Pa.1980).