**In re COWBOYS, INC., Debtor.**

**Jack FINEBERG, Plaintiff,**

**v.**

**COWBOY'S, INC., Defendant.**

**Bankruptcy No. 82–00538–BKC–JAG.**
**Adv. No. 82–0384–BKC–JAG–A.**

United States Bankruptcy Court,
S.D. Florida.

June 15, 1982.

Gary M. Farmer, Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, Fla., for plaintiff.

Lawrence D. Winson, Fort Lauderdale, Fla., for debtor-defendant.

FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

In this adversary proceeding, the landlord seeks a modification of the automatic stay of § 362 of the Bankruptcy Code so as to permit the landlord to complete his tenant eviction proceedings, or for adequate protection.

The debtor had possession of the premises pursuant to a lease agreement (Exhibit A attached to the complaint). It failed to make monthly payment of rent for February and March, 1982. The plaintiff filed an action for tenant eviction in the County Court in Broward County which resulted in the entry of a Final Default Judgment of Eviction on March 25, 1982 (Composite Exhibit B attached to the complaint). Shortly afterward, the debtor filed its voluntary petition in bankruptcy (Chapter 11).

The debtor argues that, since it was in possession of the premises at the time the bankruptcy petition was filed, it still has an interest to be protected, and that the automatic stay must remain in effect to permit it to utilize that interest in reorganization.

As the facts now stand, the lease in question has been terminated by a judgment of a state court, and would not be an asset of the estate. Cf. *Sarasota-Manatee Airport Authority v. Racing Wheels, Inc. (In re. Racing Wheels, Inc.),* 5 B.R. 309 (Bkrtcy.M.D.Fla.1980). This court disagrees that a termination clause in the lease for non-payment of rent would be self-exe-

cuting but the landlord does not need to rely on such here because a judgment of eviction has already been entered.

The debtor contends that it can successfully attack the default judgment on rehearing. If it does so, and the County Court rules in favor of the debtor on a final determination of the matter, it will be evident that the debtor does have an interest in the lease, and it would, of course, be an asset of the estate. However, a prima facie valid county court judgment cannot be set aside by the bankruptcy court through a collateral attack. This is clearly a case where the automatic stay should be lifted to permit plaintiff to seek enforcement of its judgment. Debtor may then raise its defenses in the appropriate forum.

Possession alone is insufficient for the bankruptcy court to fashion some equitable remedy for a debtor. If the debtor is not in possession pursuant to a valid lease, and as the state court record now stands it is not, it is in no better position than a trespasser. Although the sequence of final judgment of eviction and issuance of a writ of assistance may appear comparable to a final judgment of foreclosure and sheriff's sale, under landlord-tenant law there is no right comparable to the equity of redemption retained by a debtor who has suffered a judgment of foreclosure. Therefore, legal concepts familiar to stay litigation in the foreclosure context are not applicable here.

In the event that the county court should set aside its judgment and determine the landlord has no right to possession, the debtor will still be required to provide adequate protection to the landlord. Insufficient evidence to determine the adequate protection issue was presented at the trial of this case on May 17, 1982. If the issue is not moot following completion of the county court proceedings, the landlord may file its motions seeking such relief as is appropriate.

Pursuant to B.R. 921(a), a separate Final Judgment is being entered this date.