### In re HICKORY POINT INDUSTRIES, INC., Debtor.

## WALLING CRATE COMPANY, INC., Appellant,

### v.

## HICKORY POINT INDUSTRIES, INC., Appellee.

### No. 85–1050–CIV–ORL–19.

United States District Court, M.D. Florida, Orlando Division.

March 3, 1988.

Richard W. Hennings, Cauthen, Robuck & Hennings, Tavares, Fla., for appellant.

Michael Sullivan, Godbold, Allen, Brown & Bulder, Winter Park, Fla., for appellee.

FAWSETT, District Judge.

This is a business reorganization case, and the matter in controversy is the right of the Appellant, Walling Crate Company, Inc. (lessor), to obtain a declaration that a certain lease with the Appellee, Hickory Point Industries, Inc. (lessee), is terminated, and that the lessor now has the right to evict the lessee from the premises covered by the lease agreement. The lessor maintains that the lease was effectively cancelled when the debtor failed to make lease payments and the lessor elected to terminate the lease agreement pursuant to the express terms of the written lease agreement.

### Statement of the Case and Facts

The lessor and the lessee entered into a written lease agreement of non-residential commercial property on January 6, 1976. The lessee failed to make the required monthly rental payments for December 1984 and January 1985, and the lessor

mailed a letter to the lessee on January 15, 1985 stating in part:

This letter is to notify you that since you have not made the rent payment due on the 1st day of December 1984 and the 1st day of January 1985, Walling Crate Company is terminating that certain lease agreement made between Walling Crate Company and Hickory Point Industries, Inc.... We are hereby making formal demand that you vacate the premises within ten (10) days from the date of this letter as provided in the lease.

On January 29, 1985 the lessee filed a voluntary petition for bankruptcy. On February 8, 1985 the lessor filed an action in state court to obtain possession of the leased premises.

The lessor maintained that the above described letter effectively terminated the lease agreement under applicable Florida law. On June 13, 1985, however, the Bankruptcy Court entered an Order allowing the lessee to assume the lease pursuant to 11 U.S.C. § 365. The Bankruptcy Court found that the lessor's attempted termination of the lease agreement was ineffective because the lessor failed to comply with the three-day notice provisions of Florida Statute § 83.20(2).

### Merits

■ The lessor argues on appeal to this Court that the Bankruptcy Court's action was clearly erroneous because 11 U.S.C. § 365(c)(3) prohibits the assumption and assignment of a lease that has been terminated under applicable local law. Section 365(c)(3) provides that the trustee or debtor-in-possession may not assume or assign "an unexpired lease of the debtor, whether or not such ... lease prohibits or restricts assignment of rights or delegation of duties if ... such lease is of nonresidential real property and has been terminated under applicable non-bankruptcy law prior to the order for relief." 11 U.S.C. § 365(c)(3). Accordingly, the lessor urges that the les-

see was prohibited from assuming the lease agreement pursuant to section 365(c)(3).

Section 365(c)(3) applies to the present case because the lease in question is one of commercial, nonresidential real estate. Thus, the issue before the Court is whether the Bankruptcy Court's ruling that no pre-bankruptcy termination had occurred is clearly erroneous.

The Bankruptcy Court based its decision on Florida Statute § 83.20 which provides as follows:

**83.20. Causes for removal of tenants**

Any tenant or lessee at will or sufferance, or for part of the year, or for one or more years, of any houses, lands or tenements, and the assigns, under tenants or legal representatives of such tenant or lessee may be removed from the premises in the manner hereinafter provided in the following cases:

\*　　\*　　\*　　\*　　\*　　\*

(2) Where such person holds over without permission as aforesaid, after any default in the payment of rent pursuant to the agreement under which the premises are held, and three (3) days' notice in writing, requiring the payment of the rent or the possession of the premises, has been served by the person entitled to the rent on the person owing the same. The service of the notice shall be by delivery of a true copy thereof, or if the tenant be absent from his last or usual place of residence, by leaving a copy thereof at such place.

The Bankruptcy Court reasoned that the lessor did not terminate the lease agreement because the lessor's letter failed to give a three-day written notice requiring the payment of the rent or the possession of the premises as required by Florida Statute § 83.20(2).

■ A lease contract that is validly terminated pursuant to state law [1] may not be resurrected by the filing of a bankruptcy petition. *In re 163rd Street Medical Corp.*, 67 B.R. 499, 500 (S.D.Fla.1986);

---

**1.** Under 11 U.S.C. § 365(c)(3) the question of whether a lease of non-residential real property has been terminated is one of "non-bankruptcy" law. *In re D'Lites of America, Inc.*, 66 B.R. 558,

560 (Bnkr.N.D.Ga.1986). Florida law controls here because the lease was executed by two Florida Corporations.

*Matter of Fontaine Janitorial Supply & Service, Inc.,* 17 B.R. 322, 325 (Bnkr.M.D. Fla.1982). The three day notice to pay rent or vacate requirement set forth in Florida Statute § 83.20(2) deals with a summary eviction proceeding by the landlord and, at first glance, appears to be applicable to the facts of the instant case. However, under Florida law, notice is unnecessary if the tenant in the lease expressly waives all notice required by law. *Moskos v. Hand,* 247 So.2d 795, 796 (Fla.App.1971). "Such a lease provision takes precedence over the statute." *Id.*

In paragraph nine (9) of the lease, the lease expressly waives any and all notice of termination of the tenancy:

> The Lessor covenants that if the rent, or any part thereof, shall be unpaid when due ... then and in each and every of such cases, the Lessor may, at its option, *without notice to the Lessee,* ... retake and recover possession of the said premises and *terminate this Lease and the term herein demised* ... (emphasis supplied).

A plain reading of the lease leaves no doubt that the nonpayment of rent when due constitutes a default, and by virtue of paragraph nine (9) of the lease agreement the lessor had the option of terminating the lease agreement without notice. This leaves for consideration the issue of whether or not the lease was effectively cancelled.

Florida law disfavors forfeiture clauses in lease agreements. *In re D'Lites of America Inc.,* 66 B.R. at 560. "Forfeiture provisions are therefore to be strictly construed against the party seeking to invoke them." *Id.* In addition, Florida law does not allow a termination or forfeiture clause in a lease agreement to be self executing or automatic. *Id. See also In re Cowboys, Inc.,* 24 B.R. 15, 15–16 (Bnkr.S.D.Fla.1982); *In re Final Touch Boutique, Inc.,* 6 B.R. 803, 807 (Bnkr.S.D.Fla.1980). Further, "if the extinguishment of the lease interest is still subject to an existing and available statutory grace proviso or right to resort to equity there has not been any ultimate or final termination for the purpose of analyz-

ing whether ... the provisions of section 365 are applicable." *Executive Square Office Bldg. v. O'Connor,* 19 B.R. 143 (Bnkr. N.D.Fla.1981).

The letter sent by the lessor to the lessee clearly evidences an intent by the lessor to terminate the lease agreement. Accordingly, the Court finds that the letter from the lessor to the lessee effectively terminated the lease agreement prior to the Bankruptcy Court entering its Order allowing the lessee to assume the lease agreement. *See Matter of Fontaine Janitorial Supply & Service, Inc.,* 17 B.R. 322 (Bnkr.M.D.Fla. 1982). Further, the lessee in the instant case does not maintain that it has any equitable grounds that would militate against any forfeiture or termination of the subject lease, and there has been no evidence submitted that would tend to support such a finding.

In light of the foregoing, this Court is satisfied that the Appellant/lessor, Walling Crate Company, Inc., is entitled to the relief it seeks. Therefore, the decision of the United States Bankruptcy Court in this case is hereby REVERSED and this case REMANDED for further proceedings not inconsistent with the opinions expressed herein.