**In re GISC, INC., Debtor.**

**Bankruptcy No. 91–6583–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 1, 1991.

Ronald J. Salamone, Tampa, Fla., for debtor.

Sarah Kistler, Tampa, Fla., Asst. U.S. Trustee.

ORDER ON "MOTION FOR AN ORDER DEEMING NONRESIDENTIAL LEASE UNASSUMABLE AND PROVIDING RELIEF FROM AUTOMATIC STAY" (sic) AND MOTION TO SHORTEN TIME TO ASSUME OR REJECT LEASE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a "Motion for an Order Deeming Nonresidential Lease Unassumable and Providing Relief from Automatic Stay" (sic) and Motion to Shorten Time to Assume or Reject Lease filed by Second Land Sales, Inc. (Second Land Sales), a creditor in the above-captioned Chapter 11 case. Through the Motion, Second Land Sales essentially seeks declaratory relief from this Court regarding the legal status of the lease entered into between Second Land Sales and the Debtor, and to this extent, the Motion is procedurally improper. This is so because all requests for declaratory relief must be commenced by instituting an adversary proceeding pursuant to Bankruptcy Rule 7001(9). However, since the Debtor did not object to the procedural defect of the presentation of the issues, the Court will consider the Motion despite its procedural imperfection.

The record reveals that on November 8, 1989 the Debtor, as lessee, and Second Land Sales, as lessor, entered into a lease of non-residential commercial real property located in Tampa, Florida. The lease provided for a term of five years and also provided in Article XX that in the event of a default, Second Land Sales shall have the right to exercise several options, including the right to terminate the lease and to re-enter and take possession of the premises with or without legal process, and to re-enter and re-let the premises with or without legal process *without* terminating the lease. However, the lease goes on to provide that "No such re-entry or taking possession of the demised premises by lessor shall be construed as an election on lessor's part to terminate this lease unless a written notice of such intention is given to lessee."

The Debtor ultimately defaulted under the lease by failing to make payments when due. As a result, on September 11, 1990 Second Land Sales, through its property manager, delivered a Notice pursuant to *Fla.Stat.* § 83.20 to the Debtor notifying the Debtor that it was in default under the lease in the amount of $16,903.96 for the period August 1, 1990 to September 30, 1990. The Notice further demanded that all past due rent be brought current within three days. The parties subsequently entered into negotiations to cure the arrearages which ultimately proved to be unsuccessful. Although Second Land Sales, through its property manager, sent various letters to the Debtor, Second Land Sales never gave the Debtor written notice of its intent to terminate the lease. When Second Land Sales realized there was no hope in renegotiating the lease, it filed an eviction action in the County Court for Hillsborough County, Florida. On May 13, 1991 Second Land Sales obtained a Final Judgment for Possession against the Debtor as well as a Writ of Possession for the property. However, Second Land Sales never obtained actual possession of the property.

On May 20, 1991 the Debtor filed its Voluntary Petition for Relief under Chapter 11 which, of course, brought into play the automatic stay imposed by § 362 of the Bankruptcy Code. In due course, Second Land Sales filed a Motion and sought an order to shorten the time to assume or reject the lease. On June 11, 1991 Second Land Sales filed the Motion presently under consideration. In due course, both motions were scheduled for hearing at which time this Court concluded that the threshold issue was whether or not the lease was terminated pre-petition. Accordingly, on June 20, 1991, this Court entered an Order deferring ruling on the Motion to Shorten Time to Assume or Reject Lease until the threshold issue, which is whether or not there is an assumable lease, is resolved.

It is the contention of Second Land Sales that based on the undisputed facts as they appear from this record, the lease in question was effectively terminated as a matter of law prior to the commencement

of the Chapter 11 case. Based on this, it is contended by Second Land Sales that it is entitled to proceed to eject the Debtor and to regain the possession of the premises in question. In support of this proposition Second Land Sales contends that this lease is no longer assumable, therefore, the automatic stay is no longer applicable inasmuch as the lease ceased to be the property of the estate by virtue of § 541(b)(2).

The assumption of unexpired non-residential leases is governed by § 365 which provides in pertinent part as follows:

> § 365. Executory contracts and unexpired leases.
>
> (a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> .    .    .    .    .
>
> (c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—
>
> .    .    .    .    .
>
> (3) such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief.
>
> .    .    .    .    .

■ It is well established that a lease that is validly terminated pre-petition due to non-payment of rent under applicable state law is not assumable under § 365(a). *In re 163rd Street Medical Corp.*, 67 B.R. 499 (S.D.Fla.1986); *In re Hickory Point Industries, Inc.* 83 B.R. 805 (M.D.Fla. 1988). The Debtor does not disagree with this general proposition, but claims that the lease under consideration was *not* terminated pre-petition, despite the Final Judgment entered by the State Court and the Writ of Possession issued by Clerk in the State Court.

■ In resolving this controversy, one, of course, must consider the applicable provisions of the law of this State which govern the respective rights of landlords and tenants under a commercial lease. Under Florida law, a landlord may exercise one of several remedies upon a tenant's breach of the lease for non-payment of rent. First, the landlord may treat the lease as terminated and retake possession of premises for his own use; second, the landlord may retake possession on account of the tenant and hold the tenant accountable for the difference between the rent required by the lease and what he is able to recover from reletting the premises; third, the landlord may hold the tenant liable for payment required by the lease as lease payments become due. *Williams v. Aeroland Oil Co.*, 155 Fla. 114, 20 So.2d 346 (1944); *Coast Federal Savings & Loan Association v. DeLoach*, 362 So.2d 982 (Fla. 2d DCA 1978). Notwithstanding the foregoing, if there is a written lease, the provisions of the lease are conclusive and govern the rights of the parties. *In re Rodeway Inns of America v. Alpaugh*, 390 So.2d 370, 372 (Fla. 2d DCA 1980). A party will not be relieved of obligations specified in the lease merely because the provisions are burdensome. *Id.*

The lease under consideration expressly provided that in the event Second Land Sales re-entered and took possession of the premises, with or without legal process, such action would not be effective to terminate the lease, unless Second Land Sales provided the Debtor with written notice of its intention to terminate the lease. It is without dispute that Second Land Sales never gave the Debtor the written notice of termination required by the lease. For this reason, this Court is constrained to conclude that the lease under consideration was not validly terminated pre-petition, and remained the property of the estate. From this it follows that the lease is still assumable provided the Debtor is able to comply with the conditions precedent for assumption set forth in § 365(b)(1)(A), (B), and (C).

Regarding the Motion to Shorten Time To Assume or Reject Lease, it should be noted that the Motion is now moot. Section 365(d)(4) provides that in a Chapter 11 case a debtor must file a motion to assume

or reject a lease of nonresidential real property within 60 days of the date of the Order for Relief, unless the Court extends the 60–day period. In the event the debtor fails to do so, the lease will be deemed rejected without further Order of the Court. § 365(d)(4).

The record reveals that the Chapter 11 case was filed on May 20, 1991 and therefore the 60–day time frame provided by the Bankruptcy Code for assumption has already expired. However, inasmuch as the threshold issue raised by the "Motion for an Order Deeming Nonresidential Lease Unassumable and Providing Relief from Automatic Stay" (sic) was filed before the expiration of the 60–day time period, and argument was heard on the same by the Court and was taken under advisement, this Court is satisfied that it is fair to still consider the second issue, that is, whether this Debtor is able to comply with condition precedents required by the Code for assumption of an unexpired non-residential lease of real property.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the "Motion for an Order Deeming Nonresidential Lease Unassumable and Providing Relief from Automatic Stay" (sic), be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Shorten Time to Assume or Reject Lease be, and the same is hereby, denied as moot. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor shall file a Motion to Assume the Lease within 10 days of the date of entry of this Order and in the event the Debtor fails to do so, the lease will be deemed rejected without further Order of this Court.

DONE AND ORDERED.