In re STRESS SIMULATION SYSTEMS, INC. d/b/a 3S Corporation, Debtor.

Bankruptcy No. 91–7947–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 9, 1991.

R. Prosser, Tampa, Fla., for debtor.

Dawn Carapella, Tampa, Fla., for movant.

ORDER ON MOTION FOR
RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS A Chapter 11 case and the matter under consideration is a Motion for

Relief from Stay filed by P. Barnett Construction, Ltd., Inc. (Barnett). In its Motion, Barnett seeks relief from the stay in order to obtain possession of certain premises currently occupied by Stress Simulation Systems, Inc., d/b/a 3S Corporation (Debtor). It is the position of Barnett that the lease originally entered into between Barnett and the Debtor was effectively terminated prior to the commencement of the Chapter 11 case, therefore, by virtue of § 541(b)(2) the lease is no longer property of the estate and is no longer assumable under § 365 of the Bankruptcy Code. This being the case, it is the contention of Barnett that the automatic stay no longer applies by virtue of § 362(c)(1). In any event, Barnett contends it should be permitted without further interference from the Bankruptcy Court, to enforce its rights against the Debtor concerning the premises involved in this controversy.

The underlying facts are basically without dispute and could be summarized as follows. On June 28, 1988, Barnett entered into a lease of certain premises located at 15950 Bay Vista Drive, Clearwater, Florida, for a term of 74 months with the Debtor. The Debtor, having defaulted under the lease by failing to pay the rent and other sums and charges accrued under the lease, on October 9, 1990, Barnett filed a Complaint for Eviction in the County Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. On November 11, 1990, the County Court entered a Final Judgment and directed the Clerk to issue forthwith a Writ of Eviction for the removal of the Debtor from the premises. County Court also awarded court costs in the amount of $110.50 in favor of Barnett. Although the Final Judgment was entered on November 19, 1990, it was not until June 18, 1991, when the Writ of Possession was attempted to be served but because of the intervention of the Chapter 11 filing by the Debtor was never actually served on the Debtor. Thus, it is without dispute the Debtor is still in possession of the premises.

The record reveals that the time to file a Motion to Assume the Lease in question will expire on August 17, 1991, and it should be noted that Barnett filed a Motion to Shorten the Time. However this Court is satisfied that in light of this Court's resolution of the initial legal issues it would be inappropriate to grant the Motion and the Motion therefore will be denied.

This leaves for consideration a threshold question which is whether or not the lease was effectively terminated prior to the commencement of the Chapter 11 case and, therefore, no longer assumable or is still a viable lease which the Debtor could assume provided it meets the requirements for assumption of a nonresidential lease set forth in § 365(b)(1)(A)(B)(C).

■ Ordinarily the manner to terminate the lease is governed by the relevant provisions of the lease itself. The lease under consideration in Paragraph 19 defines the remedies available to the landlord upon default of the lease. This paragraph provides, inter alia, that the failure of the lessee to pay any installments of base annual rent and additional rent or other charges called for by the lease within 15 days after the due date, is deemed to be in default and if a lessee does not cure such default in 15 days after a notice of default by the landlord. It further provides that the landlord may upon the occurrence of this event have the following options. (1) may terminate the lease; (2) may enter upon and take possession of the premises and expel or remove the lessee; (3) enter upon the premises by force, if necessary, without being liable for any prosecution; and (4) declare immediately due and payable all base annual rent, additional rent or other charges and assessment against the lessee which is due or to become due under the lease.

■ The lease also provided that in addition to the foregoing, the lessor may have other remedies provided by law or equity. There is nothing in this record which indicates that the landlord ever gave the 15 days notice to the lessee and the lease is otherwise silent of the manner of effecting a termination of the lease. The fact that a landlord filed a suit for eviction in the County Court and received a Final Judg-

ment and actually obtained a Writ of Possession, albeit which was not served, would not operate as an effective termination of the lease but merely granted the Debtor the right to regain possession of the premises.

The proceeding referred to as "distress for rent" is a long recognized common law remedy which permits the landlord to go upon the demised premises. This is a summary proceeding which gives a right to the landlord to regain possession of the demised premises in the event of a default. It is basically designed to permit the landlord to seize anything found on the demised premises and hold the same as security for rent in arrears until the rent is paid. *City Bldg. Corp. v. Farish* (1961, 5th Cir.) 292 F.2d 620; *Van Hoose v. Robbins* (1964, Fla.App. 2d Dist.) 165 So.2d 209.

■ Before the landlord is entitled to enforce a forfeiture of the lessee's right under the lease for nonpayment of rent, the landlord must give a notice and a demand for payment of rent. *Baker v. Clifford–Mathew Invest. Co.*, (1930) 99 Fla. 1229, 128 So. 827; *Richards v. Dodge*, (1963, Fla.App. 2d Dist.) 150 So.2d 477. A notice which fails to state the amount of rent due and does not demand the payment of the rent or delivery of possession, but merely states an intention to terminate the lease, is insufficient. *Deauville Corp. v. Garden Suburbs Golf & Country Club, Inc.*, (1947, 5th Cir.) 164 F.2d 430, *motion den.* 165 F.2d 431, *cert. den.* 333 U.S. 881, 68 S.Ct. 912, 92 L.Ed. 1156. There is nothing in the record to establish that the landlord did, in fact, given written notice declaring a forfeiture, a demand for payment, which also stated with precision the amount of rent due.

Based on the foregoing, this Court is satisfied that this lease was not actually terminated prior to the commencement of the case and, therefore, is still assumable by the Debtor provided as noted earlier, the Debtor is able to meet the conditions precedent for assumption of a nonresidential lease by virtue of § 365(b)(1)(A)(B)(C).

In light of the fact that the Motion under consideration is case in the form of a Motion for Relief From Stay, this Court is satisfied that it is appropriate to grant relief from the stay at this time. It is constrained to add the provision that the Debtor must file a Motion to Assume this Lease not later than August 19. The Court will have to make a determination as to the amount of arrearages and make a provision for a full and prompt curing of all arrearages before the Debtor will be authorized to assume this lease.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay filed by Barnett Construction be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Adequate Protection be, and the same is hereby, granted and the Debtor is directed to make adequate protection payments in the form of the contractual lease payments agreed to by Barnett Construction and the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that if the Debtor fails to make adequate protection payments, Barnett Construction may file an Affidavit of Default, together with a certificate of telephonic notice.

DONE AND ORDERED.