895 So.2d 501 (2005)
Sun Ae BOUDREAU, Appellant,
v.
M & H FOOD CORPORATION and Unknown Tenants, Appellees.
Nos. 2D03-5445, 2D03-5537.
District Court of Appeal of Florida, Second District.
February 11, 2005.
Rehearing Denied March 9, 2005.
Celene Humphries of Putnam & Creighton, P.A., Lakeland, for Appellant.
Joel B. Fein of Joel B. Fein, P.A., Brandon, for Appellee M & H Food Corporation.
PER CURIAM.
Sun Ae Boudreau (the Landlord) appeals an adverse final judgment entered in her action to evict M & H Food Corporation (the Tenant) from commercial real property and for unpaid rent. The Landlord also appeals a separate judgment awarding the Tenant damages plus attorney's fees and costs. After a nonjury trial, the trial court found that the Landlord failed to establish, by the preponderance of the evidence, her claims against the Tenant. After a posttrial hearing, the trial court awarded the Tenant $5943.60 in damages for the cost of necessary repairs the Tenant made to the property, $11,842.50 in attorney's fees, and $837.98 in court costs. The total award to the Tenant was $18,624.08. Because the trial court's rulings are not supported by competent, substantial evidence, we reverse the judgment entered on the Landlord's action, we reverse the money judgment in favor of the Tenant, and we remand this case to the trial court for the entry of a judgment in favor of the Landlord for *502 possession of the property, damages, attorney's fees, and court costs.
On March 2, 2001, the Landlord and the Tenant entered into a lease agreement whereby the Tenant leased the Landlord's commercial premises consisting of a convenience store and gas station. Pursuant to the lease agreement, the Tenant accepted the premises in its "as is" condition. Additionally, the lease agreement placed the obligation for repair and maintenance of the premises and the buildings on the Tenant. The Tenant agreed to pay $2800 and the applicable sales tax thereon as rent on the first day of each month. The Tenant was also required to obtain, at its expense, a general comprehensive liability insurance policy on the property to insure the Landlord and the Tenant during the term of the lease. If the Tenant failed to pay an insurance premium, the agreement provided that the unpaid premium would be payable as additional rent.
On November 15, 2002, a City of Lakeland building inspector issued a notice that the building's electrical wiring was in violation of the city's code. The Tenant requested that the Landlord make the necessary repairs, but she did not do so. The Tenant then hired its own contractor to repair the wiring. Thereafter, on January 31, 2002, and May 6, 2002, the Tenant provided the Landlord with notice that repairs had been performed on the property and that the rent due to the Landlord would be withheld to cover the expense of the repairs. The Tenant withheld rent from May through July 2002.
On May 21, 2002, the Landlord served the Tenant with written notice that she was owed rent for the use of the property. In the notice, the Landlord demanded payment or possession of the property within three days of service of the notice. The Tenant did not make any payment to the Landlord. As a result, the Landlord filed a complaint seeking (1) possession of the property and (2) payment of unpaid rent, unpaid insurance premiums, and unpaid property taxes. In its answer, the Tenant denied that it had breached the lease agreement by failing to pay rent, and it asserted affirmative defenses.
After hearing the parties' evidence in a bench trial, the trial court entered a final judgment against the Landlord, finding that the Landlord had failed to establish her claims. Neither the transcript of the trial nor the final judgment reveals the basis for the trial court's decision. The trial court made no ruling on the Tenant's affirmative defenses.[1]
Before determining whether the trial court's ruling is supported by competent, substantial evidence, it is necessary to review what the Landlord had to prove in order to establish a prima facie case for eviction. Section 83.20(2), Florida Statutes (2002), provides guidance. In pertinent part, the statute provides that any tenant may be removed from the premises when the tenant remains on the property "after any default in the payment of rent pursuant to the agreement under which the premises are held, and 3 days' notice in writing requiring the payment of the rent or the possession of the premises has been served by the person entitled to the rent on the person owing the same." § 83.20(2). Based on this section, the Landlord was *503 required to prove: (1) the parties had an agreement requiring the Tenant to pay the Landlord rent for the use of the property; (2) the Tenant defaulted in the payment of this rent; (3) three days' notice requiring the payment of the rent or the possession of the property was served on the Tenant; and (4) the Tenant failed to pay the rent or deliver possession of the property within three days.
A review of the record reveals that the Landlord proved each of the above essential elements. There is no dispute that the Landlord owns the subject property. The parties both testified that they entered into an agreement that required the Tenant to pay the Landlord $2800 rent each month. The evidence established that the Tenant never paid the past due rent to the Landlord. Finally, the Landlord submitted a copy of the notice that it served on the Tenant, in which the Landlord specified the amount of rent due and demanded payment of the rent or possession of the property within three days. The Tenant argued that the notice was defective because the specified amount of rent due included $1597.05 for an unpaid insurance premium. However, the lease agreement specifically provided that if the Tenant failed to pay the required insurance premium, the Landlord would pay the premium and the Tenant would be required to repay the premium as an additional rent payment. Therefore, the Landlord's inclusion of the amount due for the insurance premium in the specified amount of rent due did not make the notice legally deficient.
The Tenant urges affirmance of the trial court's order on its asserted affirmative defenses: (1) the trial court lacked subject matter jurisdiction because the Landlord's written notice was defective; (2) the Tenant withheld the rent pursuant to section 83.201, Florida Statutes (2001), to make necessary repairs to the property; (3) the Landlord's claim that the Tenant failed to pay the 2001 personal property taxes was premature; and (4) the Landlord waived her claims by accepting money pursuant to an emergency motion for disbursement of money deposited into the court registry by the Tenant for rent. We have reviewed the evidence pertinent to these defenses and have concluded that they do not provide a basis for affirmance.
The trial court's ruling that the Landlord did not establish its claims is not supported by competent, substantial evidence. Accordingly, we reverse the trial court's judgment entered against the Landlord. Additionally, we reverse the judgment awarding the Tenant damages for the expense of the electrical repairs plus attorney's fees and costs. On remand, the trial court is directed to enter a judgment for possession of the premises in favor of the Landlord. The trial court is further directed to award the Landlord a judgment for any unpaid rent and any other charges due plus reasonable attorney's fees and costs.
Reversed and remanded with directions.
CASANUEVA, KELLY, and WALLACE, JJ., concur.
NOTES
[1] The trial court did not make an oral announcement of its ruling at the conclusion of the final hearing. The final judgment does not contain any findings of fact or conclusions of law. Thus we have been unable to discern the grounds for the trial court's rulings. Although the trial court was not required to make findings of fact and conclusions of law in a case of this type, some indication from the trial court concerning how it reached the results it did would have facilitated appellate review of this case.