**In re KEY LARGO WATERSPORTS, INC., Debtor.**

**No. 07–12820–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida, Miami Division.

Aug. 10, 2007.

Joel M. Aresty, Esq., Miami, FL, for Debtor.

## ORDER GRANTING LANDLORD'S MOTION FOR STAY RELIEF AND DENYING DEBTOR'S MOTION TO ASSUME LEASE

ROBERT A. MARK, Bankruptcy Judge.

The Court conducted hearings on May 29, 2007 and June 28, 2007 on the Motion for Complete Relief from the Automatic Stay (the "Stay Relief Motion") (CP# 19) filed by the Whitehurst Family Partnership ("Landlord"). The Landlord seeks stay relief to complete eviction proceedings against the Debtor who is occupying property owned by the Landlord under a Lease Agreement dated July 1, 2003 (the "Lease").

The Landlord claims that the Lease is not a lease which may be assumed under 11 U.S.C. § 365 arguing that the Lease was terminated prior to the filing of this bankruptcy case on April 19, 2007. As proof of termination, the Landlord relies on a termination letter sent to the Debtor on November 3, 2006 (Landlord's Ex. 3, May 29, 2007 Hearing) and on an Amended Order of Default for Immediate Possession ("Eviction Order") (Landlord's Ex. 9) entered in an eviction action in the Circuit Court, Monroe County, Florida on January 17, 2007, nunc pro tunc, January 5, 2007, Case No. 06–CA–316–P (the "Eviction Action"). A Writ of Possession was issued in the Eviction Action on January 10, 2007 (Landlord's Ex. 8), but the Debtor filed this case before the Writ was executed.

The Debtor argues that neither the November 3, 2006 letter nor the Eviction Order terminated the Lease. As such, it argues that the Lease is unexpired and may be assumed under § 365.

After the second stay relief hearing on June 28th, the court completed its review of the record, including the exhibits intro-

duced by each side at the May 29th hearing, the Stay Relief Motion, Landlord's Memorandum in Support of [the Stay Relief Motion] (CP# 38), and Debtor's Memorandum of Law in Opposition to Motion for Relief from Stay (CP# 39). Upon that review, and after considering the arguments presented by counsel at the May 29th and June 28th hearings and reviewing applicable law, the Court announced its findings and conclusions at a hearing on other contested matters in this case on July 24, 2007.

The findings and conclusions announced on the record at the July 24th hearing are incorporated here by reference with one modification. In its bench ruling, the Court overlooked two cases cited in the Debtor's Memorandum when it stated that the Debtor cited no cases in which courts held that leases could be assumed under § 365 after entry of state court eviction judgments. In fact, the Debtor had cited two cases in which eviction judgments were entered prepetition, but the court found that the leases were subject to assumption under § 365, *In re Stress Simulation Systems, Inc.*, 130 B.R. 351 (Bankr.M.D.Fla.1991) and *In re GISC, Inc.*, 130 B.R. 346 (Bankr.M.D.Fla.1991).

■ The Court has reviewed these two decisions by Judge Paskay. This Court agrees with a portion of Judge Paskay's analysis. A judgment of eviction does not necessarily terminate a lease for all purposes. Under Florida law, if a landlord retakes possession without terminating, it may hold the tenant responsible for the difference between the rent under the lease and the amount the landlord receives

from reletting the premises. *See Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enterprises, Inc.*, 235 So.2d 344, 345–46 (Fla.App.1970) (landlord may retake possession on account of the tenant subject to a duty to mitigate); *Hudson Pest Control, Inc. v. Westford Asset Management, Inc.*, 622 So.2d 546, 548 (Fla. 5th DCA 1993).

■ The Court disagrees, however, with the conclusion that absent termination, a lease may be assumed if there was a prepetition final judgment of eviction. A landlord may choose not to terminate for purposes of electing remedies but this does not mean that the tenant retains any property interest which would allow assumption and continued possession in bankruptcy.

Instead, as stated in the Court's July 24th bench ruling, and reaffirmed in this Order, this Court concludes that a prepetition final order or judgment of eviction extinguishes the Debtor's right of possession and the lease is *not* an unexpired lease which may be assumed in bankruptcy under § 365.[1]

The Court's conclusion that termination is not the relevant issue in this case does not mean that analyzing whether a lease was terminated prepetition is never relevant in bankruptcy cases. To the contrary, the issue of whether or not a lease has been terminated prepetition is often the critical issue in the absence of a prepetition eviction judgment since a terminated lease cannot be assumed. 11 U.S.C. § 365(c)(3). *See also In re Foxfire Inn of Stuart Florida, Inc.*, 30 B.R. 30, 31 (Bankr.S.D.Fla.1983) (although judgment

---

1. This Court has held that a lease remains unexpired under § 365 if a debtor voluntarily surrenders possession prepetition. *In re CHS Electronics, Inc.*, 265 B.R. 339, 342 (Bankr. S.D.Fla.2001). That decision may be distinguishable since it involved voluntary surrender to a landlord who expressly reserved all rights and the issue was administrative rent obligations. However, if the Court's conclusion in this Order is inconsistent with its conclusions in *CHS Electronics*, the Court stands by its conclusion here.

of eviction had not been entered, that lease was not assumable because the landlord effectively terminated the lease under its terms and in accordance with the relevant state statutes).

Thus, bankruptcy courts often must analyze a lease and the actions taken pursuant to the lease to determine whether the lease was terminated prepetition. *Compare In re Hickory Point Industries, Inc.*, 83 B.R. 805, 807 (M.D.Fla.1988) (examining termination letter and holding that landlord effectively terminated the lease because the termination letter "clearly evidence[d] an intent by the [landlord] to terminate the lease") *with In re PAVCO Enterprises, Inc.* 172 B.R. 114, 118 (Bankr. M.D.Fla.1994) (examining purported termination letter and holding that landlord failed to terminate the lease prepetition because the purported termination letter did not indicate an express intent to terminate.) Absent the Eviction Order, the Court would have undertaken a similar analysis in this case to determine whether the November 3, 2006 letter terminated the Lease.

 Although a terminated lease cannot be assumed, this does not mean that the converse is true. That is, the fact that a lease was not terminated prepetition does *not* mean that it may be assumed. To the contrary, whether or not terminated for all purposes, a tenant's property interest, its right of possession, is extinguished under state law when a final judgment of eviction is entered. The state law right of possession is lost regardless of whether the bankruptcy petition is filed before the tenant is physically evicted. Because the right of possession is extinguished, the lease is expired, that is, it is no longer "unexpired" as that term is used in § 365. Although § 365 is a powerful tool allowing debtors to cure defaults and assume and assign leases, this tool cannot

and does not revive an expired lease and breathe new life into a debtor's already extinguished property interest.

In sum, for the foregoing reasons and the additional reasons stated on the record in the Court's July 24, 2007 bench ruling, it is—

**ORDERED** as follows:

1. The Stay Relief Motion is granted and the Landlord may proceed with state court remedies to conclude its eviction. This Order does *not* grant stay relief to pursue a money judgment against the Debtor.

2. The Debtor's Motion to Assume Lease filed on July 11, 2007 (CP# 56) is denied.

3. This Order is stayed for 10 days after entry under Rule 4001(a)(3), Fed. R.Bankr.P. The stay will remain in place if the Debtor files a motion for rehearing within the 10 day period until such motion is resolved. The stay will also remain in effect if the Debtor files a Notice of Appeal and a Motion for Stay Pending Appeal within the 10 day period until the Court rules on the Motion for Stay Pending Appeal.