BENTON, J.,
dissenting.
At issue in the present case is nothing more or less than whether “base rent”— unambiguously defined as such for purposes of the leases in question — is subject to the excise tax levied by section 212.031, Florida Statutes. For the three tax years in dispute, the statute provided (as it still provides):
[A] tax is levied in an amount equal to 6 percent of and on the total rent ... charged for ... real property [like appellant’s] ... The total rent ... shall include base rent....
§ 212.031(l)(c), Fla. Stat. (2001). The present case poses a straightforward question of statutory construction, which the trial court got right. The landlord, not the Department, drew the agreements and specified the “base rent” it required in order for its lessees to avoid eviction. Having made its bed, the landlord should now lie in it.
The parties to a commercial lease can agree to a fixed sum as rent or to calculate rent any number of ways, based on any number of variables. The taxability of the rent does not depend on the independent tax consequences of any variable chosen for this purpose. Where, for example, total rent is tied to a percentage of the lessee’s retail sales, total rent remains subject to tax even though the sales themselves are also taxable. § 212.031(1)(c), Fla. Stat. (2001). Similarly, reimbursement of an insurance premium owed by the tenant but paid by the landlord is viewed as part of the total rent subject to sales tax. See Boudreau v. M & H Food Corp., 895 So.2d *86 501, 502 (Fla. 2d DCA 2005); Fla. Admin. Code R. 12A-1.070(12) (1995). In another, simpler commercial lease, a formula for the amount of rent might have included as variables the costs only of janitorial or security services. But this would not have rendered the janitorial or security services themselves taxable.
The agreements at issue here contemplate both a “service fee,” not subject to tax, and a “rental fee” (defined as “base rent”) that alone constitutes the (taxable) “total rent.” The Department does not seek to tax the “service fee” or any portion of it, only the total rent, which the agreements define as the rental fee or “base rent.” That the parties to these leases agreed to tie “base rent” to, among other things, repair, maintenance, postage, insurance and certain personnel costs does not turn “base rent” into something else. The very landlord who drew the agreements and defined “base rent” under the leases should not now be heard to argue that “base rent” is something else altogether or to disown its own formula for “base rent” as not representing a “reasonable allocation.”
The majority opinion invokes inapposite statutory language, enacted to protect public revenues (excise taxes on rents for commercial property) from efforts to shortchange the public fisc by manipulating leases in a way that ignores economic realities. This statutory language reads:
In the case of a contractual arrangement that provides for both payments taxable as total rent or license fee and payments not subject to tax, the tax shall be based on a reasonable allocation of such payments and shall not apply to that portion which is for the nontaxable payments.
§ 212.031(l)(c), Fla. Stat. (2001). But this statutory language does not apply in the present case. The Department in no way challenges any “contractual arrangement” into which the landlord has entered. It accepts the parties’ written agreements as good faith statements of the terms that the contracting parties settled on after bargaining at arms’ length, and asserts that the landlord should do likewise.
Accordingly, perceiving no error in the trial court’s grant of summary judgment in favor of the Florida Department of Revenue, I respectfully dissent from today’s decision reversing the judgment below. As the majority opinion notes, moreover, the trial court entered judgment on cross motions for summary judgment, which makes remand inappropriate.