**In re CITRUS TOWER BOULEVARD IMAGING CENTER, LLC, Debtor.**

**Sky Top Enterprises, LLC, Movant,**

**v.**

**Citrus Tower Boulevard Imaging Center, LLC, Respondent.**

**No. 11–70284–MGD.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Sept. 19, 2011.

Anna Mari Humnicky, Anna Mari Humnicky Attorney at Law, Gus H. Small, Cohen Pollock Merlin and Small, Atlanta, GA, for Debtor.

***ORDER MODIFYING THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF CONCLUDING PENDING LITIGATION IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA TO DETERMINE THE AMOUNT OF PRE–PETITION RENT OWING***

MARY GRACE DIEHL, Bankruptcy Judge.

Prior to the Debtor's Chapter 11 filing, the Debtor and its landlord were engaged in state court litigation. The landlord sought to evict Debtor and to determine

damages under the lease. Debtor raised a setoff defense based on substantial improvements Debtor made to the building. The presiding state court judge heard two days of testimony before making a partial ruling on the amount of rents owing. The same day the state court order was entered, Debtor filed a Chapter 11 petition. The landlord now seeks relief from stay to continue the state court action. The landlord asserts that the lease terminated prepetition by operation of Florida law and by the terms of the lease. Debtor disagrees and opposes stay relief. The Court finds that the lease was not terminated prepetition, but modifies the stay to allow the state court proceeding to continue for the purpose of determining the amount of prepetition rent owing.

An evidentiary hearing was held on SkyTop Enterprises, LLC's motion for relief from stay and for abstention. (Docket No. 46). Debtor opposed the motion and filed a written response. (Docket No. 66). Present at the hearing were James Rollins and Phillip Smith for SkyTop Enterprises, LLC ("Landlord" or "SkyTop"). Gus Small and Anna Humnicky appeared as Debtor's counsel. John Isbell representing Key Bank Financial Inc., Debtor's largest creditor—asserting a claim of just under $5 million, also appeared at the hearing in opposition to stay relief. SkyTop's exhibits "A" through "T" were admitted into evidence. At the close of the hearing, the Court ruled from the bench, and this Order memorializes its ruling.

## I. Facts

The parties agree and the evidence supports the following facts. The parties entered into a September 2008 lease agreement for two floors of a Clermont, Florida medical office building, which serves as Debtor's sole location and operation. Debtor operates an imaging center in the medical office building where it rents the equipment and office space to doctor tenants. SkyTop owns the building. Debtor has not made all the rent payments owing under the Lease. Although not purely relevant to this motion, Debtor asserts a setoff or recoupment defense to the past due rents based on tenant improvements it made to the building.

SkyTop issued a notice of default to Debtor in February of 2011, demanding past due rent. Debtor's failure to cure the default within 15 days would result in SkyTop initiating an eviction proceeding. (SkyTop's Exhibit B). After the cure period expired, SkyTop issued a "Three–Day Notice" to Debtor, again demanding payment for past due rents. The "Three–Day Notice" is a statutory prerequisite to filing a summary eviction proceeding. *See* § 83.20 Fla. Stat. At this point, neither party asserted that the Lease was terminated.

The parties disagree as to the effect of the March 21, 2011 Complaint for Eviction and Damages ("Complaint") filed by SkyTop. (SkyTop's Exhibit E). The Complaint requests an order evicting Debtor, awarding SkyTop possession, and judgment for damages. *Id.* SkyTop asserts that the Complaint effectuated termination of the Lease under its own terms. The Lease provision regarding termination provides, in relevant part:

> Landlord may elect by written notice to Tenant to terminate this Lease at any time after the occurrence of a default. . . . If Landlord elects to so terminate this Lease and Tenant's right to possession are terminated by operation of law, such termination shall cancel all Tenants' options, if any, to extend or renew the Term.

(SkyTop's Exhibit A, Lease, ¶ 15.3). SkyTop points to paragraph 5 of the Complaint to support its theory of pre-petition

termination. Paragraph 5 of the Complaint reads:

> Citrus Tower has failed to pay rent to SkyTop for the months of September, 2010 through January, 2011 and owes SkyTop Two Hundred Eighty–One Thousand Six Hundred Four and 12/100 Dollars ($281,604.12) for this 6 month period [sic]. Additionally, *SkyTop has terminated the Office Lease* and, Pursuant to paragraph 15.5 of the Office Lease, SkyTop is now accelerating the lease and entitled to payment of the entire amount owed for the duration of the Office Lease.

(*Id.,* ¶ 5) (emphasis added).

In response to the Complaint, Debtor filed a Verified Motion to Determine Rent in the state court proceeding and the Honorable T. Michael Johnson, Circuit Judge of the Fifth Judicial Circuit in and for Lake County, Florida heard two days of argument and testimony before issuing an Order, directing Debtor to pay a total amount of $512,948.24 into the court registry on or before July 13, 2011. (SkyTop's Exhibit R). Judge Johnson's order specifically excluded the 2009 rents, late charges, and interest because the 2009 amounts require further determination and consideration with respect to a tenant improvement allowance under the Lease. *Id.* On July 12, 2011, Debtor filed bankruptcy.

## II. Legal Analysis

The threshold issue for the Court is whether the Lease terminated pre-petition. If Debtor has no interest in the Lease, then there is sufficient cause under § 362(d) to lift the stay and allow the pending eviction action to proceed in its ordinary course. However, if Debtor has an interest in an unexpired lease, the automatic stay protects Debtor's interest and § 365 provides Debtor an opportunity to assume the lease under certain conditions, including a prompt cure of monetary defaults.

■ The respective rights of landlords and tenants under a commercial lease are governed by applicable state law. *E.g., In re GISC, Inc.,* 130 B.R. 346, 348 (Bankr. M.D.Fla.1991). The Lease designates Florida law controlling. (SkyTop's Exhibit A, ¶ 18.4). SkyTop argues that the Lease terminated pre-petition because SkyTop established all the common law elements of lease termination under Florida law. SkyTop uses the elements set out in *Boudreau v. M & H Food Corp.,* 895 So.2d 501 (Fla.Dist.Ct.App.2d Dist.2005) as the Florida law requirements for lease termination. *Id.* at 503 (listing (1) the parties had an agreement requiring the Tenant to pay the Landlord rent for the use of the property; (2) the Tenant defaulted in the payment of this rent; (3) three days' notice requiring the payment of the rent or the possession of the property was served on the Tenant; and (4) the Tenant failed to pay the rent or deliver possession of the property within three days). Debtor disagrees with SkyTop's characterization of Florida law and correctly notes that these elements were presented in *Boudreau* as "prima facie case for eviction." *Id.* at 502.

The intersection of Florida law and the terms of the Lease are most pertinent to a determination of whether the Lease terminated pre-petition. SkyTop relies on the Complaint as effectuating termination under the Lease terms. The Complaint for eviction and damages states "SkyTop has terminated the Office Lease, and Pursuant to paragraph 15.5 of the Office Lease, SkyTop is now accelerating the lease and entitled to payment of the entire amount owed for the duration of the Office Lease." (SkyTop's Exhibit E, ¶ 5). Paragraph 15.5 of the Lease is "Damages on Termination." (SkyTop's Exhibit A, ¶ 15.5).

### 1. The Lease was not terminated pre-petition.

 The unique facts of this case and language of the Complaint render the Complaint insufficient to effect termination. Florida law disfavors forfeiture clauses in lease agreements. *In re D'Lites of Am. Inc.*, 66 B.R. 558, 560 (Bankr. N.D.Ga.1986). "Forfeiture provisions are therefore to be strictly construed against the party seeking to invoke them." *Id.* In addition, Florida law does not allow a termination or forfeiture clause in a lease agreement to be self executing or automatic. *Id.; see also In re Cowboys, Inc.*, 24 B.R. 15, 15–16 (Bankr.S.D.Fla.1982). In light of this aspect of Florida law, the language of the Complaint is concerning to the Court. The Complaint states "SkyTop has terminated the Office Lease." The past tense form of this statement doesn't clearly indicate whether this statement is an argument or SkyTop's election for termination of the Lease under its terms. The Complaint never references Lease paragraph 15.3–the provision for termination. Paragraph 15.3 reads "Landlord may elect by written notice to Tenant to terminate this Lease at any time after the occurrence of a default...." The Complaint never explicitly states that the Complaint effects Lease termination or serves as the requisite notice for termination under the Lease provision 15.3.

 Florida law requires precision to terminate a lease under the terms of the lease agreement. "In sum, *absent [ ] express affirmative language* in the present case indicating termination, this Court is constrained to conclude that this lease has not been effectively terminated and is still property of the estate." *In re PAVCO Enters.*, 172 B.R. 114, 118 (Bankr.M.D.Fla.1994)(emphasis added). In *In re Hickory Point Industries, Inc.*, the District Court found that the letter sent by the lessor to the lessee clearly evidences an intent by the lessor to terminate the lease agreement. 83 B.R. 805, 807 (M.D.Fla.1988). Where the landlord expressly stated the intention to terminate, termination under the terms of the lease is available and proper. *Id.* The language of the termination letter in *Hickory Point Indus., Inc.* stated, "This letter is to notify you that since you have not made the rent payment due on the 1st day of December 1984 and the 1st day of January 1985, [the landlord] is terminating that certain lease agreement made between [the landlord] and Hickory Point Industries." *Id.* at 806. The language of the Complaint doesn't satisfy the express affirmative language for termination as required under Florida law.

SkyTop points to *In the Matter of Fontaine Janitorial Supply & Service, Inc.* to further support its argument that the Complaint satisfied the Lease term providing for termination upon default and written notice to Debtor. 17 B.R. 322 (Bankr. M.D.Fla.1982). In *Fontaine*, a state court complaint, which sought a declaration that the lease was terminated and eviction, satisfied the statutory three-day notice requirement in Florida Statute § 83.20. *Id.* at 324–25. *Fontaine* is distinct from our facts. In *Fontaine*, the landlord explicitly sought a determination as to whether the lease was terminated. Here, the Complaint is for eviction and damages. Termination is not necessarily a prerequisite to eviction. Also, it is unclear to the Court whether the damages sought are unique to termination damages. Also, the sufficiency of the notice provided by the complaint in *Fontaine* was based on the default statutory notice requirement in Florida Statute § 83.20. Here, SkyTop is asserting the Complaint fulfills the written notice of termination requirement under the terms of the Lease. This Court's ruling does not extend beyond the facts presented in this

matter. This Court is not ruling that a complaint could never provide the requisite written notice for a remedy or claim. Rather, the statement in the Complaint is insufficient under the terms of the Lease and applicable Florida law to expressly and unambiguously terminate the Lease.

## 2. Modification of the stay to continue the state court litigation to determine rents owing is appropriate.

 Although the Lease is not terminated and Debtor has an interest in the Lease, cause under § 362(d) still exists to allow the state court litigation to continue for the limited purpose of determining the amount of pre-petition rent owing. Sky-Top has established that sufficient cause exists to warrant modifying the automatic stay to continue the state court action. The Florida State Court has already heard two days of testimony regarding damages and an order identifying a sum certain for the rents owed in 2010 and 2011 has been entered. (SkyTop's Exhibit R). That court has also been introduced to Debtor's equitable claims of setoff or recoupment based on the tenant improvements made to the building and any other defense raised by Debtor. Further, the Florida state court has greater familiarity with Florida landlord tenant law and the facts of this case. That court is in the best, most efficient position to adjudicate the outstanding 2009 rent issue and provide a sum certain of pre-petition rents owing.

 The purpose of the automatic stay provisions of the Bankruptcy Code is to facilitate the orderly resolution of claims against the estate by protecting the debtor from piecemeal dismemberment. In light of this purpose, courts have noted that Congress envisioned circumstances "where it would be more appropriate to permit proceedings to continue in their original place of origin when no great prejudice to the bankruptcy estate will result." *In re Makarewicz,* 121 B.R. 262, 264 (Bankr. S.D.Fla.1990) (citing *Matter of Holtkamp,* 669 F.2d 505 (7th Cir.1982)); S.Rep. No. 989, 95TH CONG., 2ND SESS. 50, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5836. Some courts have applied this three-part test to determine whether the stay should be lifted to continue a pending state court lawsuit: (a) Any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit, (b) the hardship to the [non-debtor party] by maintenance of the stay considerably outweighs the hardship to the debtor, and (c) the creditor has a probability of prevailing on the merits of his case. *In re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (N.D.Ill.1986). SkyTop has established that modifying the stay to continue the pending state court action is warranted for the limited purpose of determining the amount of pre-petition rent owing.

The amount of pre-petition rents owing is critical to this Chapter 11 case because, according to statements by Debtor's counsel, Debtor will seek to assume the lease under § 365. Assumption of the Lease will require Debtor to provide a prompt cure. 11 U.S.C. § 365(b)(1). The timing of a determination regarding the rents owing is also imperative to this case. Section 365(d)(4) governs the assumption of an unexpired nonresidential real property lease where a debtor serves as the lessee. If certain statutory timelines are not complied with, then the lease is deemed rejected. § 365(d)(4)(A). The lease must be assumed "by the earlier of—(i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan." § 365(d)(4)(A)(i–ii). Subsection 365(d)(4)(B) provides for the conditions of extension. Essentially, only one 90–day extension may be given if

cause exists. § 365(d)(4)(B)(i). Any subsequent extension would require consent of the lessor. § 365(d)(4)(B)(ii). Given the definitive statutory time periods, it seems most expedient and appropriate to allow the pending state court litigation to continue to determine the amount of pre-petition rent owing.

■ SkyTop insists that modifying the stay to allow the state court litigation to continue also requires Debtor to make immediate payment of $512,948.24 into the state court's registry, as ordered on July 12, 2011. (SkyTop's Exhibit R, ¶¶ 1, 4). SkyTop asserts that comity requires compliance with the state court "pay-to-play" procedures for Debtor to maintain its right to assert any defense in the state court action. SkyTop's argument fails for at least two reasons. First, the Court has authority to limit the extent to which the automatic stay is modified. In this case, the filing of Debtor's bankruptcy petition on July 12, 2011, stayed "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The state court's condition of paying $512,948.24 into the registry was stayed by Debtor's bankruptcy petition. The time for Debtor to perform had not expired at the time Debtor filed bankruptcy, so that was a pre-petition obligation.

■ Second, the Bankruptcy Code is federal law that preempts state law where such laws conflict. *Pacific Gas and Elec. Co. v. State Energy Resources Conservation and Dev. Comm'n*, 461 U.S. 190, 204, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983). Here, there is no direct conflict in law. Rather, the procedure and court order in the pending state court action conflicts with Debtor's available rights under the Bankruptcy Code. "Creditors' rights are curtailed in many ways once a debtor files bankruptcy due to the Bankruptcy Code's provisions regarding the automatic stay, discharge, and distribution of non-exempt assets, for example." *In re Brown*, 346 B.R. 868, 876 (Bankr.N.D.Fla.2006) (within the context of whether a secured car creditor's claim could be fully satisfied upon surrender of the vehicle). For example, within the context of an unexpired lease, § 365(e) invalidates contractual ipso facto provisions. *Summit Inv. & Dev. Corp. v. Leroux*, 69 F.3d 608,(1st Cir.1995) (also preempting state partnership laws to the same effect). Effectively, § 365(e) takes away a contractually bargained for lease term. Generally, § 365 gives a debtor a great tool and modifies the parties' contractual rights and remedies. The state court requirement to pay into the registry to maintain Debtor's defenses can not supercede Debtor's ability to cure and reinstate an unexpired lease as provided by the Bankruptcy Code.

For the reasons stated above, SkyTop has established cause to modify the automatic stay. Accordingly,

It is **ORDERED** that SkyTop's motion for relief from the automatic stay is partially **GRANTED.**

It is **FURTHER ORDERED** that the automatic stay is modified to allow the pending damages litigation to continue in the circuit court of the fifth judicial circuit in and for Lake County, Florida for the limited purpose of determining the amount of pre-petition rents owed. Pursuant to Debtor's rights under § 365, Debtor is not required to pay $512,948.24 into the Florida Court registry as a condition to present defenses and any counterclaims.

Either party may contact this Court if scheduling conflicts arise in the pending state court action.

It is **FURTHER ORDERED** that Debtor is required to continue to make timely post-petition monthly rent payments to SkyTop pursuant to the Lease and § 365(d)(3).

It is **FURTHER ORDERED** that this Order is effective upon entry, the Federal Rule of Bankruptcy Procedure 4001(a)(3) stay is waived pursuant to the discretion of the Court.

It is **FURTHER ORDERED** that Sky-Top's request for the Court to abstain from the related, pending adversary proceeding is continued until further order of the Court. The Adversary Proceeding (11–5414) is stayed pending determination of the Florida civil action.

**IT IS ORDERED.**